HARRIS, PARKER & CO. *v.* G. W. HUTCHESON, ADMINISTRATOR.

ESTATE OF DECEDENT. *Claim against. Registration of. Section* 2028, *Code of* 1880, *applied.*

> A right acquired by garnishment against a decedent in his lifetime, before judgment on such garnishment, is a mere liability of his estate, and not such a claim against the estate as is required to be registered under ? 2028, Code of 1880, which provides that "all claims against the estate of a decedent" shall be barred unless registered within one year from date of notice. There is a distinction between " claims" and *liabilities.* All claims must be registered, under the statute referred to, but not all liabilities.

APPEAL from the Chancery Court of Warren County.

HON. WARREN COWAN, Chancellor.

Harris, Parker & Co., sued out an attachment against J. F. Halpin & Co., in 1883, and caused a writ of garnishment to be served thereunder on one Lewis Peters. Peters answered denying any indebtedness, and issue was joined on his answer. Judgment was rendered in the attachment suit against Halpin & Co., in favor of Harris, Parker & Co., but no trial has ever been had on the issue joined on the answer of Peters.

In August, 1885, Peters died, and G. W. Hutcheson was appointed

administrator of his estate.  Thereupon he gave notice, under § 2028, Code of 1880, to all creditors to register their claims against the estate of the decedent within a year.  The claim of Halpin & Co., against Peters, was not registered within a year either by Halpin & Co., or Harris, Parker & Co., the attaching creditors.  The garnishment proceedings were revived against the administrator.  Subsequently the estate was declared insolvent, and all creditors notified to file their claims for examination and allowance.  Accordingly, Harris, Parker & Co., presented a claim for this debt due by Peters to Halpin & Co.  The Chancellor refused to allow the claim to Harris, Parker & Co., because it had not been registered within a year after notice by the administrator, as provided in § 2028, Code of 1880. From this action of the Chancellor, Harris, Parker & Co., appealed.

*Catchings & Dabney,* for the appellants.

We do not think that § 2028, Code of 1880, has any application to a claim in litigation at the time of the death of defendant.  The penalty pronounced in the section is that " no suit shall be maintained thereon," etc.  Clearly negativing the idea that it extends to pending suits.

Sections 1513 and 2061 govern in this case.  By the first it is provided that a pending suit against one at his death may be prosecuted to final judgment against his representative " in the same manner as if the original party were in existence."  And in the second, it is provided that suits against executors and administrators, when an estate shall be declared insolvent, shall not on that account abate, but may be prosecuted to judgment, and the judgment shall constitute a claim against the estate " *if registered as other claims.*" If it (the judgment) must be registered, how can registration be had before the judgment shall be rendered, and who can say that the judgment will be rendered within the one year mentioned in § 2028 ?

If this section (2028) applies, two registrations must be contemplated by § 2061, one before judgment, when it was uncertain what the debt, if any, was, and the other after it shall be ascertained.

The matter of the garnishees indebtedness lies in the knowledge of himself and the defendant, and not with the plaintiff.

How then can the plaintiff be expected to swear to an account or

statement, and upon what *data* is he to prepare any such account or statement, and where is he to get such *data?*   Is he to make out and swear to an account upon conjecture?

These questions show the absurdity of the contention that a claim of the character which appellants had against the estate ought to have been, or could have been, registered.

Section 2027, Code of 1880, which prescribes how different kinds of claims shall be proved to be registered, does not provide for this class of claims.   *Trezevant* v. *McQueen*, 12 S. & M. p. 575; Geo. Dig. p. 297; § 276, *et seq.*; see also *Holman* v. *Fisher*, 49 Miss. 472; sections of code referred to are 1513, 2027, 2028, and 2061.

*Miller, Smith & Hirsh*, for the appellee.

To remedy an existing evil, it was enacted that the knowledge of the claim by the executor or administrator would not affect or impede the operation of the statute.

No ambiguous or equivocal terms are employed: "All claims must be registered."

These sections were under consideration in the cases of *Ales* v. *Plant*, 61 Miss. 259, and were judicially recognized and declared to be "the most severe and stringent law against unregistered claims that we have ever had."

"The meaning of "all claims" is clear, and if not restricted by construction, the term undoubtedly embraces the claim of appellants. The pending of a suit constitutes notice to the personal representative, but the statute makes no exception in favor of litigation.

The appellant in asserting that the "penalty in the section is that 'no suit shall be maintained thereon, &c.,' " simply eliminates from consideration the most rigorous of all its features, that unregistered claims "shall be barred."

It is not compulsory upon the party suing to further prosecute the suit or action after the estate is reported insolvent, for the claim sued on can be registered, and "its validity" may be "determined by the Chancery Court."

The difficulties in practice suggested by appellant are imaginary, and, if otherwise, would not justify any transgression of well recognized canons of construction.

The strict maintenance of the letter of the statute, in all its vigor and purity, will avoid confusion, obviate delay, and insure the accomplishment of the design of the Legislature.

*McCabe & Anderson,* on the same side.

It is conceded that if § 2028, Code of 1880, applies to this claim, then it is barred; but appellants contend that their right to distribution depends not on that section, but on §§ 1513 and 2061 of the Code of 1880. Had the Legislature not intended that this section should apply to pending suits, it would have been a very easy matter for it to have excepted them. The language is, *all* claims, not some of them, shall be registered, etc. We can see no good reason why claims sued on should stand on a different footing from those not in suit at the time of the intestate's death.

It is contended that appellants could not register the claim; that it was a doubtful claim; that they could not swear to the truth of it, etc., etc. Our answer to all this is, that they never tried to probate it.

Do §§ 1513 and 2061 apply?

We hold they do not. The first of these sections simply provides against the abatement of a suit upon the death of a party thereto. It has no reference to the administration of estates, and does not in our opinion touch the question involved here directly or indirectly. Our view is, that if an action were pending at the time of the death of an individual, the person suing, unless he could reduce his claim to judgment before the expiration of the year, would be forced to register his *claim.* If he gets judgment before the year is out, then, under § 2061, he must register the judgment.

The latter section applies to cases where the claim has been registered, sued on, and is pending *at the time the estate is declared insolvent.* Neither of these sections, therefore, in any wise conflict with § 2028, which is the law governing in the administration of estates.

The statute is a good one, and no exceptions should be engrafted upon it.

CAMPBELL, J., delivered the opinion of the court.

The appellants did not have such a " claim " against Hutcheson as came within § 2028 of the Code. They had a proceeding in court by which they were trying to get a judgment declaring him to have been debtor to Halpin & Co., and appropriating that indebtedness to their judgment against Halpin & Co. ; but they could not probate and register any claim against Hutcheson's estate, because until they get judgment in the issue they will not be creditors of the estate. The service of the garnishment on Hutcheson gave an inchoate right to the appellants to be consummated by judgment against him to apply to their judgment against Halpin & Co., what should be found to be the indebtedness of Hutcheson to them when the garnishment was made. Until judgment against the garnishee he would be debtor to Halpin & Co., and not to the attaching creditor. Therefore, they were not creditors, and had no claim to prove and register. Halpin & Co. had a claim which they could have proved and registered, and they are certainly barred of all claim by § 2028 of the Code, but the right of the appellants dates from the time of service of the garnishment, and is not to be prejudiced by the subsequent death of the garnishee, and the failure of Halpin & Co. to have the claim registered.

There is a distinction between " claims " and *liabilities.* "All claims " must be registered, but not all *liabilities.* The claims required to be registered are those for the proof and registration of which provision is made by § 2027 of the Code; those which might be paid by the personal representative when proved and registered. If the decedent was liable in damages for a trespass or the like or to account as a partner, there could not be any registration of a claim against his estate. This shows the distinction between liabilities and claims, which latter are required to be registered, a distinction pointed out by Sharkey, C. J., in *Gordon* v. *Gibbs,* 3 S. & M. 473. To bar the appellants because the claim was not registered, would be to inflict loss on them for not doing what they could not do, and to make them suffer for the negligence of the defendant in the attachment from whom they were trying to coerce payment by the process of garnishment.

*Reversed and remanded.*