ALICE N. ROBINETT *v.* C. H. STARLING, ADMINISTRATOR.

1. CORPORATION. *Subscription to stock. Recovery by creditor. Code* 1892, §§ 842, 1933.

Under § 842, code 1892, a creditor of a corporation may recover the amount of unpaid subscription of a stockholder to its capital stock, although he has given a note to the corporation for the same, payable on calls, and, having died before payment, the note has not been probated against his estate within the time provided by § 1933 of the code for the registration of claims against the estate of a decedent. *Vick* v. *LaRochelle,* 57 Miss., 602.

2. SAME. *Right of creditor. Nonclaim.*

In such case the right to sue does not rest upon the relation of debtor and creditor between plaintiff and the stockholder, but upon the statute giving creditors of the corporation a right of action against its delinquent stockholders. Therefore, the fact that the note is barred by nonclaim is immaterial. *Nolan* v. *Snodgrass,* 70 Miss., 794.

FROM the circuit court of Washington county.

HON. R. W. WILLIAMSON, Judge.

The opinion states the case.

*Skinner & Lewenthall,* for appellant.

The question here involved has been settled in appellant's favor. *Harris* v. *Hutcheson,* 65 Miss., 9. If appellant had instituted this suit upon the note in question, the same should have been registered. In no sense was appellant a creditor of appellee until her recovery of the judgment against the Delta Insurance Company, and it is questionable whether she was such even then. Therefore she was not a creditor until December, 1893, at which time a "claim" against the estate was barred. The right to sue the stockholder arises, not from any contractual relation between him and the judgment creditor, but because of the statute. *Jones* v. *Bank,* 71 Miss., 1023. To bar the appellant because the claim was not registered,

would be to inflict loss on her for not doing what she could not do, and to make her suffer for the negligence of the insurance company, from whom she was trying to coerce payment. 65 Miss., 13.

No counsel for appellee.

COOPER, C. J., delivered the opinion of the court.

This case was tried, on an agreed statement of facts, by the judge, trial by jury having been waived by the parties. The facts are that appellant, on the eleventh day of December, 1893, recovered a judgment for eleven hundred and eighty dollars against the Delta Insurance Company, on which an execution has been issued and returned *nulla bona.* The appellee's intestate, W. L. Jones, was a subscriber for ten shares of the stock of the company of the par value of one hundred dollars per share. He paid in cash one hundred and fifty dollars and executed his note to the company for eight hundred and fifty dollars, payable upon calls to be made by the company. He had, before his death, paid all calls made by the company, and there remained unpaid the sum of seven hundred and fifty dollars. He died on the fifteenth day of May, 1892, and Starling was appointed administrator of his estate, and, on the fourth day of June, 1892, published notice to creditors to probate and register their claims against said estate as directed by law. The note given by Jones to the company was never probated, and the time for probating claims has passed. The court held that the plaintiff was precluded of her action by reason of the neglect of the insurance company to probate the note.

Our statute upon the subject of probating claims against estates of decedents, so far as is relevant to this controversy, provides that "all claims against the estate of a deceased person, whether due or not, shall be registered in the court in which the letters testamentary or of administration were granted,

within one year after the first publication of notice to creditors to present their claims, otherwise the same shall be barred, and no suit shall be maintained thereon in any court, even though the existence of such claim may have been well known to the executor or administrator.'' Code 1880, § 2028; Code 1892, § 1933.

Whether the present action may be sustained, notwithstanding the failure of the insurance company to probate the note, is determinable by the inquiry whether the cause of action is a '' claim '' within the meaning of the statute above quoted. Our statute upon the liability of stockholders to corporate creditors is as follows: '' In all joint-stock corporations hereafter created, whether under this chapter or otherwise, each stockholder shall be individually liable for the debts of the corporation, contracted during his ownership of stock, for the amount or balance that may remain due or unpaid for the stock so subscribed for by him, and may be sued by any creditor of the corporation, and such liability shall continue for one year after the sale or transfer of the stock.'' Code 1880, § 1037; Code 1892, § 844.

It was decided at an early day that the claims referred to in the statute requiring probate and registration were those arising out of matters of private contract, debts contracted by the decedent, and that a contingent liability, though springing from a contract—*e. g.*, that of a surety upon the bond of a guardian—was not required to be propounded for probate. *Gordon* v. *Gibbs*, 3 Smed. & M., 473; *Harris* v. *Hutcheson*, 65 Miss., 9; *Jones* v. *Bank*, 71 *Ib.*, 1023.

If this was a suit by the insurance company, or its assignee, on the note executed by Jones, a very different question would be presented. But the plaintiff does not sue on the note; it is not the cause of action on which her right to sue rests. She sues because of the existence of those conditions on which the statute gives her, as creditor of the corporation, a right of action. She asserts an original, independent, statutory right,

and not a derivative one coming through the corporation. This right to sue does not rest upon the existence of the relation of debtor and creditor between the stockholder and the corporation, for the stockholder may owe the corporation on any other account than for subscription to stock; and for such debts no right of action would exist under the statute. But, unless there has been an actual payment of the sum due for subscription to the stock, a creditor of the corporation whose debt is contracted during the time the stock is owned by the defendant, may sue and recover whatever sum remains due or unpaid.

In *Vick* v. *LaRochelle*, 57 Miss., 602, it was decided that this liability to creditors of the corporation was not discharged by a release executed by the corporation to the subscriber upon his paying for a part of the stock and surrendering the remainder. It was then said that the "actually unpaid subscription, whatever may have occurred between the subscriber and the corporation, is what the statute means."

The bar of the statute of limitations (or nonclaim) is not payment. It protects against the enforcement of the barred claim, but is not operative against a distinct cause of action resting upon the fact that the claim barred by limitation was not actually paid. *Cook* v. *Reynolds*, 58 Miss., 243; *Nolan* v. *Snodgrass*, 70 *Ib.*, 794.

The judgment is reversed, and judgment will be entered here for $750, the sum admitted by the agreement to remain unpaid on account of the subscription by the appellee's intestate to the stock of the Delta Insurance Company.

*Reversed, and judgment here.*