SLEDGE & NORFLEET CO. v. DYE, *et al.**

(Division A.    Jan. 4, 1926.)

[106 So. 519.    No. 25268.]

EXECUTORS AND ADMINISTRATORS. *Liability as indorser of note as collateral security for another, not having matured at indorser's death, need not be probated as claim.*

> Liability of indorser of note, being, under Hemingway's Code, section 2770, secondary, and being also contingent on payment by another of his note, as collateral security for which the indorsement was given, and this being the condition at death of indorser, secured note maturing long thereafter was not such a claim as is required by section 1775 as amended by Laws 1920, chapter 303, to be probated against her estate.

*Headnote 1. Executors and Administrators, 24 C. J., Sections 947, 948.

APPEAL from chancery court of Tate county.
HON. J. H. CALDWELL, Special Chancellor.

Suit by the Sledge & Norfleet Company against T. M. Dye, administrator, and others. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

*J. R. McDowell* and *G. J. Leftwich,* for appellant.

The second ground of the demurrer of appellees is based on the fact that the notes in question had not been probated against the estate of appellee, Mrs. Jones. The bill alleges that said collateral notes were never probated against the estate of Mrs. Jones for the reason that her liability thereunder was secondary, and that the indebtedness against her, as represented by said collateral notes, was within that class which the law makes unnecessary to be probated against the estate of a deceased per-

son. The position is taken in the bill that these two notes do not come within the class required to be probated against the estate of a deceased person, as provided by section 1775, Hemingway's Code.

It will be noted that these two collateral notes at the time they were delivered to appellant were overdue, the first having been due one year from January 1, 1920, and the second due January 1, 1922. By virtue of their having been overdue at the time of their delivery, they were demand obligations, as is specifically provided by section 2585, Hemingway's Code. By section 2649, Hemingway's Code, these notes being demand obligations, appellant would have had a reasonable time after default in the payment of the main indebtedness which they were given to secure, to make presentment and demand on her, or her administrator, for payment, by virtue of her indorsement. Therefore, her liability by virtue of her indorsement of the notes, depended on the happening of a contingency and, therefore, it is brought within that class of claims not required to be probated.

Judge CAMPBELL, in *Harris, Parker & Co.* v. *Hutcheson,* 65 Miss. 13, defined the difference between "claims" and "liabilities." He pointed out a distinction which was likewise pointed out by Justice SHARKEY in the case of *Gordon* v. *Gibbs,* 2 S. & M. 473. The case of *Savings, Building & Loan Ass'n* v. *Tartt,* 81 Miss. 276, likewise makes the distinction. See also *Drainage District No. 1 of Noxubee County* v. *Evans,* 99 So. 819. The sum and substance of all the decisions on the point is simply this: That if the liability of the deceased depends on the happening of any event, and is secondary or contingent, then it is not such a claim as the law requires to be probated or registered.

Section 1775, Hemingway's Code, as it stands since the Acts of 1920, requires that all claims against a deceased person be registered within six months after the first publication of notice to creditors to present their claims. While the record in this case does not show the date of

the administrator's first notice to creditors, let's assume, for the sake of argument, that the first notice to creditors appeared on the day following the death of the deceased, on May 18, 1922. The period of six months from that date would expire on November 18, 1922. The main note, Exhibit "A" to the bill, executed by Coldwater Mercantile Company, did not fall due until November 15, 1922, and after it fell due appellant had a reasonable time within which to make presentment and demand against the endorser of the two notes, Exhibits "B" and "C," and that reasonable time could certainly not be construed to be less than three days. Thus it follows that the six months period would have expired, and the statute of limitations would have to run against these two notes, if they are such as come within that provision of the law. It follows as a matter of the law, that they constitute a contingent or secondary liability, and one not required to be probated.

*Brooks & Brooks, Holmes & Sledge, E. D. Dinkins* and *Cutrer & Smith,* for appellee.

It is our contention that under the facts alleged in the bill of complaint the claim should have been filed, and duly probated against the estate of Mrs. Jones within six months after the first publication of notice to creditors to probate their claims as provided by chapter 303, Laws of 1920, amending section 1175, Hemingway's Code. It is not contended by appellant that if this claim is such a claim required by law to be probated that the statute has not run, but appellant contends that it is not a claim probatable and therefore, the only statute of limitations that would apply to the claim would be the general six-year statute of limitations. We submit that the liability of Mrs. Jones on the notes in question, held by complainant, as security for an obligation was of such character that it comes within the classes provided for by chapter

303, Laws of 1920, and that it should have been probated against the estate of Mrs. Jones.

It is axiomatic that an administrator of an estate is unauthorized to disburse the funds and assets of the estate, unless in discharge of a probated claim, duly allowed, or a fixed liability against the estate, which under the law need not be probated. The bar or statute of limitations cannot be waived by the conduct of the administrator, even if he deliberately mislead the claimant, but is held to a strict accountability for the correct disbursing of the assets of the estate, committed to his care. *Cockrell* v. *Seasongood,* 33 So. 76; *Ridgeway et al.* v. *Jones,* 125 Miss. 22. Inasmuch as the allegations of the bill of complaint specifically points out facts and positively avers facts, which show that the claim is barred and therefore, unenforceable as is the duty of the administrator, it is impossible for him to waive the statute, and therefore, no cause of action has been stated in the bill of complaint and the demurrer should be sustained.

It is the contention of appellant that its claim against Mrs. R. A. Jones, or appellee administrator of the estate of Mrs. R. A. Jones was contingent, not certain, and therefore, not probatable. It cannot be seriously contended by appellant, that even though the notes delivered by Mrs. Jones, on which appears her indorsement, would constitute a liability against her, and a continuing liability against her, and also a liability against her prior to her death. The bill of complaint alleges that she was not liable by virtue of her indorsement of the note to complainant, as the holder thereof, and not otherwise. She was not the maker of the notes; she was the endorser thereof, and the notes were payable and due. Her liability at once attaches to pay the same. Her liability, therefore, was not contingent and was absolute. The only contingency in the transaction was as to whether or not complainant, as holder of the notes, should be compelled to resort to the collection of the notes, in event the

Coldwater Mercantile Company, Inc., failed to pay the notes, for which they were delivered to appellant as collateral security.

The most complete analogy of the case at bar is to be found in that line of cases decided by the supreme court of this state, relative to the double liability of stockholders of a banking corporation. The court has several times held that a claim of double liability against the estate of a deceased stockholder is barred unless probated within six months, as provided by the statute, where the stockholder dies after liability accrues. *Board of Bank Examiners* v. *Grenada Bank,* 135 Miss. 242; *Pate* v. *Bank of Newton,* 116 Miss. 666, 77 So. 601; *Dillard & Coffin* v. *Woollard,* 124 Miss. 677, 87 So. 148; *Feld* v. *Borodofski,* 87 Miss. 727, 40 Miss. 816.

The bill of complaint alleges the fact to be that it was not probated. This being true, according to the decision of this court, no cause of action is stated as against the administrator of the estate of Mrs. Jones.

*J. R. McDowell* and *G. J. Leftwich,* in reply, for appellant.

Counsel for appellee confine their brief to the discussion of whether the notes were required to be probated under section 1775, Hemingway's Code, and counsel appear to place great reliance on the case of *Bank Examiner* v. *Grenada Bank,* 135 Miss. 242, 99 So. 903. This case simply holds, as was settled in *Pate* v. *Bank,* 116 Miss. 666, that the double liability of a stockholder was a fixed and absolute liability whenever a bank was put in course of liquidation and it is reasonably apparent that the assets of the bank will not be sufficient to pay depositors. There is no element of contingency whatever of a stockholder's liability, and the case cannot, therefore, be compared to the instant case. The distinction between these cases and the instant case is therefore readily discernible when this distinction between a primary and a secondary liability is observed.

We again invite the court's attention to *Building &*

*Loan Ass'n* v. *Tartt*, 81 Miss. 277, which is authority on the broad principles involved in this case. In that case the question involved was the liability of a deceased person as surety on a guardian's bond, and the court held that such liability of a surety was a *debt* within the meaning of our statute, charging the debts of a decedent on his lands, but that the liability was not a probatable claim.

Counsel for appellee lay great store on the fact that the notes in question were a debt of Mrs. Jones, and because of the fact that she owed the money to some one, that that reason alone was sufficient to charge appellant with the duty of probating the claim. We submit that it is absolutely analogous to the Tartt case, which held that while the liability of the surety on a guardian's bond was a debt, that, notwithstanding that fact, it was not a probatable claim because it depended upon a contingency, or the happening or failure to happen, of certain events.

Cook, J., delivered the opinion of the court.

This is an appeal from a decree sustaining a demurrer to a bill of complaint filed in the chancery court of Tate county.

The bill of complaint alleged that on the 16th day of February, 1922, the Coldwater Mercantile Company, Incorporated, executed and delivered to the complainant its promissory note for the sum of twenty-two thousand two hundred twenty-five dollars and seventy-seven cents, which was due and payable on November 15th, after date; that Mrs. R. A. Jones, prior to her death, which occurred on May 17, 1922, was a stockholder and director of the said Coldwater Mercantile Company, Incorporated, and on account of her large interest in its affairs, she indorsed and delivered to complainant, as collateral security for the payment of the note of said corporation, two promissory notes, payable to her order and executed by the said Coldwater Mercantile Company, Incorporated, for the respective sums of four thousand three hundred eight dollars and forty-five cents and one thousand four

hundred ninety-one dollars and sixty-nine cents, both of said collateral notes being past due at the time of their delivery to the complainant. The bill further alleged that the said Mrs. R. A. Jones died on the 17th day of May, 1922, and that the defendant T. M. Dye was duly appointed and qualified as administrator of her estate; that all the formalities of law were complied with to attach liability against Mrs. R. A. Jones and her estate as the indorser of the two said collateral notes; that the obligation of the said Coldwater Mercantile Company, Incorporated, for the payment of which the two notes were pledged, was not paid when the same became due and payable; and that by reason thereof, being the holder and owner of the two notes indorsed by the said Mrs. R. A. Jones, the complainant was entitled to a decree against her estate for the sum represented by the face of the said collateral notes, together with interest. The bill also alleged that these notes were not probated against the estate of Mrs. Jones, deceased, for the reason that the liability of Mrs. Jones, as represented by said collateral notes, was secondary and not within the class required by law to be probated against the estate of a deceased person. Other averments of the bill of complaint were either abandoned or are not material to a decision of the question presented by this appeal.

The defendants demurred to the bill of complaint on the ground, among others, that the allegations of the bill of complaint show that the notes were not probated as a claim against the estate of the testatrix within the time required by law. This demurrer was sustained, and, from a decree dismissing the bill, this appeal was prosecuted.

There were several grounds of demurrer assigned in the court below, but in this court appellee seeks to justify the decree of the court below upon one ground only, and that is that, under the facts alleged in the bill of complaint, the claim of liability by virtue of her indorsement of these notes should have been filed and duly probated against the estate of the deceased within six months after

the first publication of notice to creditors to probate their claims, as provided by chapter 303, Laws of 1920, amending section 2107, Code of 1906 (section 1775, Hemingway's Code).

The liability of Mrs. Jones, or her estate, by virtue of her indorsement of these notes, is only secondary, as section 192 of the Negotiable Instruments Law (section 2770, Hemingway's Code), expressly provides that, "the person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same," and "all other parties are 'secondarily' liable." *Taylor* v. *Ross,* 129 Miss. 536, 92 So. 637; *Gresham* v. *State Bank,* 131 Miss. 20, 95 So. 65. Not only was the liability by virtue of this indorsement secondary, but it was contingent upon the failure of the Coldwater Mercantile Company to pay its indebtedness to the appellant when the same became due. Whether the Coldwater Mercantile Company would pay or fail to pay the note to the appellant, for the payment of which the two notes indorsed by the testatrix were pledged, could only be ascertained after the same became due on November 15, 1922, which was long after the death of the testatrix.

The question for decision then is whether a liability of a decedent, which is secondary and contingent upon the happening of some future event, is required to be probated against the estate of the decedent. It has been repeatedly held by this court that a claim to be probated must be one which, if paid by the executor or administrator, would *prima facie* entitle him to credit. *Sumrall* v. *Sumrall,* 24 Miss. 258; *Gray* v. *Harris,* 43 Miss. 421; *Robinett* v. *Starling,* 72 Miss. 652, 18 So. 421; *Feld* v. *Borodofski,* 87 Miss. 727, 40 So. 816.

In *Jones* v. *Bank,* 71 Miss. 1023, 16 So. 344, it was held that the liability of a cashier of a bank to reimburse the bank on the ground that he had not paid into the bank money received for deposit, and for which the customer was suing the bank, being contingent upon the re-

sult of the suit, was not such a claim as was required to be probated, registered, and allowed against his estate.

In the case of *Harris* v. *Hutcheson,* 65 Miss. 9, 3 So. 34, in discussing the distinction between claims and liabilities, Judge CAMPBELL said:

"There is a distinction between 'claims' and liabilities. 'All claims' must be registered, but not all liabilities. The claims required to be registered are those for the proof and registration of which provision is made by section 2027 of the Code; those which might be paid by the personal representative when proved and registered. If the decedent was liable in damages for a trespass or the like  or to account as a partner, there could not be any registration of a claim against his estate.  This shows the distinction between liabilities and claims, which latter are required to be registered, a distinction pointed out by SHARKEY, C. J., in *Gordon* v.  *Gibbs,* 3 [Smedes] S. & M. 473."

In the case of *Building & Loan Association* v. *Tartt,* 81 Miss. 276, 32 So. 115, it was held that, although the contingent liability of a surety on a guardian's bond is a debt, within the meaning of our statute, charging the debts of a decedent upon his lands, it was not such a claim as is required to be probated against the estate as surety.

In the case at bar, if the Coldwater Mercantile Company had paid its indebtedness, as represented by its note in favor of appellant, there could be no enforceable liability against the estate of the deceased on the notes indorsed by her and delivered to the appellant as collateral security, and from the foregoing authorities we have reached the conclusion that a liability against a decedent, which is secondary and contingent before and at the time of his death, is not such a claim as is required to be probated against the estate of the decedent.

It will be noted that the two collateral notes involved were overdue at the time they were indorsed and delivered to appellant, and by virtue of that fact they be-

came demand obligations, as specifically provided by section 2585 of Hemingway's Code. Being demand obligations, by section 2649, Hemingway's Code, presentment for payment was required to be made within a reasonable time after the negotiation thereof, and we think the bill of complaint sufficiently averred proper and legal presentment and demand, and notice of dishonor.

In support of their contention that the liability of the decedent by virtue of her indorsement of these notes is such a claim as must be probated against her estate, the appellees rely principally upon the cases of *Pate* v. *Bank of Newton,* 116 Miss. 666, 77 So. 601, and *Board of Bank Examiners* v. *Grenada Bank,* 135 Miss. 242, 99 So. 903, in which was involved the question as to whether the statutory liability of a stockholder of a defunct bank, for the benefit of depositors in such bank, is required to be probated against the estate of a deceased stockholder. We do not think, however, that these cases when properly analyzed support the views of appellees.

In the case of *Pate* v. *Bank of Newton, supra,* it was expressly held that the double liability of a stockholder of a bank is a primary liability, while in the case of *Board of Bank Examiners* v. *Grenada Bank, supra,* it was held that when, by the insolvency and failure of the bank, this liability becomes fixed and certain before the death of a stockholder, the claim must be probated against the estate of the deceased stockholder. In this case Judge Holden, speaking for the court, used the following language:

"So the simple question in the case is whether or not the liability of the stockholder was fixed and accrued before his death, or whether it was a contingent liability which required a liquidation of the assets of the bank to ascertain the *pro rata* amount due by the stockholder before the claim passed from the contingent status to one of certainty. . . . We think the case of *Pate* v. *Bank of Newton,* 116 Miss. 666, 77 So. 601, has settled this question in favor of the appellee in the present case. As we

understand that decision, a suit may be brought by liquidators against the stockholders on their liability for the full amount of their stock, at any time, after the bank is taken over in liquidation whenever it is reasonably apparent that the assets of the bank will not pay the depositors. . . ."

From these quotations from these two cases it seems clear that they are not in conflict with, but rather support, the views herein expressed. In the case at bar the liability of the decedent was secondary and wholly contingent at the time of her death, and could only become fixed and certain by the failure of the principal debtor to pay its obligation at the maturity thereof, which was long after the death of the one now sought to be charged.

*Reversed and remanded.*