394 So.2d 321 (1981)
Chris J. GARRETT
v.
Barbara M. GAY.
No. 52433.
Supreme Court of Mississippi.
February 25, 1981.
Stephen A. Anderson, Hopkins & Logan, Gulfport, for appellant.
Gail A. Crowell, Bryan, Nelson, Allen, Schroeder & Cobb, Gulfport, for appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
SUGG, Justice, for the Court:
The plaintiff, Chris J. Garrett, filed a declaration in the Circuit Court of the Second Judicial District of Harrison County against defendant, Barbara M. Gay.[1] Plaintiff alleged he suffered severe personal injuries when defendant negligently drove her automobile into the motorcycle upon which plaintiff was riding on February 27, 1976.
The defendant included a plea in bar in her answer in which she alleged that plaintiff should be barred from maintaining his suit because the plaintiff had released defendant from all claims for damages and injuries sustained in the collision on February 27, 1976. Plaintiff executed a release on August 3, 1976 and was twenty (20) years and nine (9) months old at that time. The release was attached as an exhibit to *322 the plea in bar and stated that plaintiff, in consideration of $45,000, released defendant and other parties not named in plaintiff's declaration from all claims for injuries sustained in the collision. Defendant also attached as an exhibit a copy of a decree removing the disability of minority of plaintiff for the purpose of executing the release. The trial judge sustained the plea in bar and dismissed plaintiff's suit.
On appeal, plaintiff argues he was not bound by the release because the decree authorizing the release was invalid because the jurisdictional facts necessary for rendition of the decree did not appear either in the petition for removal of disabilities of minority or the decree.
It is not necessary for us to decide the question presented by this argument because section 93-19-13 Mississippi Code Annotated (Supp. 1980)[2] authorizes all persons 18 years of age or older, if not otherwise disqualified or prohibited by law, to enter into contracts affecting personal property. The statute follows:
All persons eighteen (18) years of age or older, if not otherwise disqualified, or prohibited by law, shall have the capacity to enter into binding contractual relationships affecting personal property. Nothing in this section shall be construed to affect any contracts entered into prior to July 1, 1976.
In any legal action founded on a contract entered into by a person eighteen (18) years or older, the said person may sue in his own name as an adult and be sued in his own name as an adult and be served with process as an adult.
We must determine if the statute authorizes persons 18 years of age or older to settle a tort claim for personal injuries and execute a release for the claim. Stated differently, is a chose in action personal property within the meaning of the statute? Section 1-3-41 Mississippi Code Annotated (1972) provides:
The term "personal property," when used in any statute, shall include goods, chattels, effects, evidences of rights of action, and all written instruments by which any pecuniary obligation, or any right, title, or interest in any real or personal estate, shall be created, acknowledged, transferred, incurred, defeated, discharged, or diminished.
In First National Bank of Hattiesburg v. Ellison, 135 Miss. 42, 99 So. 573 (1924) this Court construed the statute and held:
At common law personal property "includes money, chattels, things in action, and evidence of debt," 3 Bouvier's Law Dictionary (Rawle's Third Revision), p. 2576, and it is hardly probable that the legislature intended by section 1591, Code of 1906 (Hemingway's Code, section 1358), to exclude things in action and evidence of debt therefrom.
.....
The word "effects" defines property in a more extensive sense than goods and chattels, and may include things in action, 1 Bouvier's Law Dictionary (Rawle's Third Revision) p. 975, and we are of the opinion that it includes such here. (135 Miss. at 49, 99 So. 574, 575).
A chose in action is defined in 73 C.J.S. Property § 9 (1951) as follows:
A "chose in action" means, literally, a thing in action, and is the right of bringing an action, or a right to recover a debt or money, or a right of proceeding in a court of law to procure the payment of a sum of money, or a right to recover a personal chattel or a sum of money by action, or, as it is defined by statute, a right to recover money or personal property by a judicial proceeding.
This Court, in Watson, Executor, Etc. v. Caffery, 236 Miss. 223, 109 So.2d 862 (1959), citing 73 C.J.S. held that the term personal property includes choses in action.
We therefore hold that the language in section 93-19-13 (Supp. 1980) authorizing *323 all persons 18 years of age or older, "to enter into binding contractual relationships affecting personal property," authorizes such person to enter into a contract affecting a chose in action of such person. This is in accord with the definition of personal property in section 1-3-41 as construed by this Court and is also in accord with the common law definition of personal property.
We therefore hold section 93-19-13, (Supp. 1980) effectively removes the disability of minority of all persons 18 years of age or older for the purpose of entering into contracts affecting personal property including the right to settle a claim for personal injuries, to execute a contract settling the claim, and to accept money in settlement of the claim.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P.JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] Century 21 Realty, Ltd. was also named as a defendant but was dismissed with prejudice. No appeal was taken from the order of dismissal.
[2] Section 93-19-13 was enacted as Miss.Gen. Laws, Ch. 406, § 3 (1976) and was effective July 1, 1976.