WALKER, Presiding Justice,
for the Court:
This is an appeal from the Circuit Court of Rankin County from an order of that court peremptorily instructing the jury to return a verdict in favor of the Estate of James Moody Davis.
The first question in this case is whether a guaranty executed by James Moody Davis in connection with a loan obtained from the Bank of Mendenhall by Jim R. Wyatt and Dorman Davis constituted a claim which was required to be probated within ninety days after the first publication of notice to creditors as required by Mississippi Code Annotated section 91-7-151 (Supp.1983). The underlying question with reference to the necessity of said claim being probated by the bank in the Estate of Moody Davis is whether the guaranty was a contingent obligation of Moody Davis. If contingent, it would not require probating and suit thereon could be brought against the estate in the circuit court without having been probated.
On November 3, 1977, Jim Wyatt and Dorman Davis executed a promissory note to the Bank of Mendenhall for $70,000.00. A continuing guaranty was executed by Moody Davis on November 14, 1977 in consideration of the bank extending credit to Wyatt and Dorman Davis. Upon execution of this guaranty, the bank paid over to Jim Wyatt and Dorman Davis the sum of $70,-000.00. Payments were to begin April 1, 1978 in the amount of $3,000.00 due every three months thereafter. On October 11, 1978 Moody Davis died. The first notice to creditors to probate their claims was published on October 25, 1978. The promissory note executed by Jim Wyatt and Dorman Davis was declared in default after the last payment was made in November, 1979. Thereafter, on August 31,1981 the Bank of Mendenhall brought suit against Dorman Davis, Individually and as Administrator of the Estate of James Moody Davis, Deceased, and Jim R. Wyatt (and others) for the balance remaining on the promissory note plus interest and attorney’s fees, all of which amounted to $88,233.09.
*119 The circuit court held that the bank’s claim should have been probated in the Estate of Moody Davis and since it was not timely probated that the claim was barred and for that reason granted a peremptory instruction in favor of the estate.
In Reedy v. Alexander, 202 Miss. 80, 89, 30 So.2d 599, 601 (1947), this Court stated:
The term “claim” in statutes relating to claims against estates includes not only debts already due, but unmatured debts.... It applies only to specific money demands due or to become due and not to inchoate and contingent claims.
The case of Sledge & Norfleet Co. v. Dye, 140 Miss. 779, 106 So. 519 (1926) involved two notes endorsed by Mrs. Jones and delivered to Sledge and Norfleet Company as collateral security for an indebtedness owed by Coldwater Mercantile Company. Sledge failed to probate the notes and instituted suit against Mrs. Jones’ estate. The Court held that the claim was secondary because the notes were given as collateral security, and that the claim was contingent because the corporation was primarily liable and might have paid the notes.
The Court stated: “Not only was the liability by virtue of this endorsement secondary, but it was contingent upon the failure of the Coldwater Mercantile Company to pay its indebtedness to the appellant when the same became due. Whether the Coldwater Mercantile Company would pay or fail to pay the note to the appellant, for the payment of which the two notes indorsed by the testatrix were pledged, could only be ascertained after the same became due on November 15, 1922, which was long after the death of the testratrix.” (140 Miss, at 786, 106 So. at 520).
The liability of Moody Davis was contingent upon the obligors on the note and deed of trust not paying it according to its terms. By the very nature of the transaction in the case sub judice, Moody Davis was secondarily liable on his obligation to the bank. If the obligors on the promissory note had made the payments called for therein until the note was finally paid, there would have been no liability to the bank by Moody Davis. Therefore, his liability would never arise as a practical matter until there was a default by the obligors on the note.
Since the liability of Moody Davis was a contingent one and one which would possibly never occur, it was not one which was required to be filed for probate within the statutory period of ninety days following first notice to creditors. Therefore, the circuit court erred in dismissing the bank’s suit against the estate.
CROSS APPEAL
The cross-appellant, Dorman Davis, asserts the lower court erred in not granting his motion to dismiss the amended declaration because he was under the disability of minority at the time he executed the promissory note and that said note was not thereafter ratified after he reached his majority.
We find this issue presented without merit as Dorman Davis was nineteen years of age, being born July 2,1958, at the time he signed the promissory note. Mississippi Code Annotated section 93-19-13 (Supp. 1983) provides that all persons eighteen years or older shall have the capacity to enter into binding contractual relationships affecting personal property. Also see Garrett v. Gay, 394 So.2d 321 (Miss.1981).
This cause is reversed and remanded on direct appeal and affirmed on cross-appeal.
REVERSED AND REMANDED ON DIRECT APPEAL AND AFFIRMED ON CROSS-APPEAL.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.