## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-CA-00540-SCT

*DIANNE CARTWRIGHT*

*v.*

*DEPOSIT GUARANTY NATIONAL BANK*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/07/93 |
| TRIAL JUDGE: | HON. JAMES E. THOMAS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID P. OLIVER |
| ATTORNEYS FOR APPELLEE: | EUGENE L. FAIR |
| | SUSAN K. STEADMAN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 6/6/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/27/96 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

¶1. At the request of Deposit Guaranty National Bank, Harrison County County Court issued a garnishment against an account of Diane Cartwright on deposit at Hancock Bank. Cartwright, a judgment debtor of Deposit Guaranty, attempted to claim the account and the funds it represented as exempt property pursuant to Miss. Code Ann. §85-3-1 (1972). The county court found that the account was not exempt, since it was not "tangible personal property" under the terms of the statute and that at best it was a debt of the bank to Cartwright subject to garnishment. On appeal to the circuit court, the county court order was affirmed.

¶2. The issue before us today is whether a bank deposit or account is exempt from garnishment pursuant to Miss. Code Ann. §85-3-1 (1972). More specifically, our decision turns on whether such funds are "tangible" or "intangible." We hold today that funds on deposit are in the nature of intangible property and therefore subject to garnishment.

¶3. Section 85-3-1 is the general exemption statute and in pertinent part states, "[t]here shall be exempted from seizure under execution or attachment: (a) tangible personal property of any kind not exceeding $10,000 in value which shall be selected by the debtor provided. . . ." Miss. Code Ann. §85-3-1 (1972).

¶4. Cartwright maintains that her money on deposit is tangible personal property pursuant to the statute.

Cartwright cites *Garrett v. Gay*, 394 So. 2d 321 (Miss. 1981), as support for her position. In *Garrett*, the Court held that a chose in action was included in the term personal property. *Id*. at 322. *Garrett* does not, though, differentiate between intangible or tangible personal property.

¶5. We agree that a chose in action, i.e., Cartwright's right to recover her money from Hancock Bank, is personal property. Yet, Section 85-3-1 restricts the exemption to $10,000 worth of <u>tangible</u> personal property.

¶6. *Black's Law Dictionary* divides personal property into either 1) corporeal personal property which includes movable and tangible things, or 2) incorporeal personal property evidencing rights, such as stocks, shares, patents, etc. *Black's Law Dictionary* 1217 (6th ed. 1990). Cartwright's deposit with Hancock Bank represents a right of payment to her from the bank. In other words the account is incorporeal personal property. Its very nature indicates that it cannot be physically possessed as tangible property can be. Moreover, in *Watson v. Caffery*, 236 Miss. 223, 109 So. 2d 862 (1959), a will construction case, the Court found that the testatrix owned "<u>intangible</u> personal property consisting of bonds and money on deposit in [the] bank." *Id*. at 867 (emphasis added).

¶7. We think that the nature of deposit accounts was most aptly described by the Court of Appeals of Florida in *Williams Management Enterprises, Inc. v. Buonauro*, 489 So. 2d 160 (Fla. Dist. Ct. App. 1986). The *Buonauro* Court stated, "[t]he corporation could not replevy its own funds or monies on deposit from its own bank because its corporate deposits have changed their form from tangible currency and checks into intangible accounting credits and cannot be specifically identified as tangible property." *Id*. at 165. *See also In re Estate of Larson*, 538 N.W.2d 802 (Wis. Ct. App. 1995); *Walther v. Central Trust Co., N.A.*, 590 N.E.2d 375 (Ohio Ct. App. 1990). Likewise, Cartwright's deposit has changed its form from tangible currency into intangible accounting credits.

¶8. In accordance with this Court's statement in *Caffery* and the general meaning of incorporeal property, we hold that money on deposit in a bank evidences a right of payment from the bank and is thus intangible in nature. The legislature has restricted the personal property exemption to tangible personal property. Therefore, Cartwright's money deposited with Hancock Bank does not qualify for an exemption under Miss. Code Ann. §85-3-1 (1972).

**¶9. AFFIRMED**

**SULLIVAN, P.J., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., AND PRATHER, P.J., NOT PARTICIPATING.**