SOUTHWICK, P.J., for the court.
¶ 1. Deana Martinez’s suit for personal injuries was dismissed because of a contract which the court found had relinquished the claim on which the suit was based. Ms. Martinez alleges that this was a misreading of the agreement. We find no error and affirm.
STATEMENT OF FACTS
¶2. Deana and Ricardo Martinez were divorced on February 9, 2001, in Madison County, Mississippi, on the grounds of irreconcilable differences. A property settlement agreement was incorporated into the final judgment. This agreement addressed several subjects. What concerns us are the following two paragraphs:
*1249 XIII
Wife hereby agrees to drop any charges of any nature filed by her against Husband, whether criminal or civil, and Husband hereby agrees that he will not file any charges, whatsoever, against wife.
XV
Except as otherwise provided in this Agreement, each party releases the other party from all claims or demands through the date of the execution of this Agreement....
¶3. Prior to seeking the divorce, Ms. Martinez had filed a criminal affidavit in the Madison County Justice Court against Mr. Martinez alleging that he assaulted her on September 1, 2000. This agreement required her to drop the charges. Ms. Martinez did that.
¶ 4. A few months later, Ms. Martinez filed this civil suit against her former husband in the Madison County Circuit Court. She sought damages for the same September 1, 2000 assault that had been the basis of the earlier justice court affidavit. Mr. Martinez filed an answer and counterclaim in which he denied the alleged assault and requested that the court grant sanctions for a frivolous lawsuit. A transfer to chancery court was also requested.
¶ 5. The circuit court found that jurisdiction was proper in that court. After a hearing, the court found that the property settlement agreement created an unambiguous contractual obligation. The court further concluded that the agreement’s reference to criminal and civil charges by the parties also incorporated personal injury claims. Finally, the court held that this suit violated paragraph XV of the agreement which released all claims through February 9, 2001. The case was dismissed for failure to state a claim upon which relief could be granted. The defendant was awarded the attorney’s fees incurred in defending the suit.
DISCUSSION
¶ 6. Ms. Martinez argues that she has not violated the agreement entered at the time of the divorce. She emphasizes that paragraph XIII of that agreement only required that she “drop any charges of any nature filed by her against Husband, whether criminal or civil,” while her husband was required not to “file any charges, whatsoever, against Wife.” We agree that “drop” suggests the abandoning of pending matters, with the implicit requirement not then to refile those charges.
¶ 7. Of equal importance is paragraph XV, which states that “except as otherwise provided in this Agreement, each party releases the other party from all claims or demands through the date of the execution of this Agreement....” It is this paragraph that the trial judge found to prevent the suit.
¶ 8. We consider the issues raised on appeal.

Jurisdiction

¶ 9. Ms. Martinez argues that the claim that she has now brought for personal injuries was never within the jurisdiction of the chancery court to resolve at the time of divorce. She relies on a precedent that held that “a claim for personal injury arising out of an assault and battery properly belongs in the circuit court.” Drumright v. Drumright, 812 So.2d 1021, 1028 (Miss.Ct.App.2001). However, this Court also stated that since the parties had submitted the claim as one of the issues for resolution before the chancellor as part of the divorce that they were seeking on the basis of irreconcilable differences, the claim could be resolved by the chancellor. Id.
*1250 ¶ 10. Drumright is consistent with what occurred here, but ultimately it is irrelevant. The Martinez personal injury claim was not litigated before the chancellor as in Drumright. Instead, the divorcing parties entered a binding agreement later incorporated by reference into the final decree, that they would abandon any claims that they had against each other. These claims, these “dioses in action,” were matters eminently appropriate for addressing in a property settlement agreement since the relinquishment of the claims removed the possibility that whatever assets were distributed by agreement would be immediately threatened with redistribution by the results of litigation.
¶ 11. Claims can be the basis for suit by an injured party, can be assigned for others to pursue (Miss.Code Ann. § 11-7-3 (1972)), or can be voluntarily abandoned. The property settlement agreement was an appropriate location for a release of claims to appear.

Tort claim as personal property

¶ 12. Ms. Martinez argues that a claim for personal injury does not fall within the description of “property rights.” She states that the property settlement agreement was entered explicitly under the authority of a statute that she alleges only applies to property rights. Miss.Code Ann. § 93-5-2 (Rev.1994). The statute also refers to issues regarding custody and maintenance of children. Id.
¶ 13. Even if a property settlement agreement would be defective for addressing a matter other than property distribution and custody and maintenance of children, a point we do not address, this tort claim was a property right. A “chose in action” is personal property. Miss.Code Ann. § 1-3-41 (Rev.1998); Watson v. Caffery, 236 Miss. 223, 233, 109 So.2d 862, 866 (1959). The Supreme Court held that the right to bring a suit for tort damages was a personal property interest. Garrett v. Gay, 394 So.2d 321, 322-23 (Miss.1981).
¶ 14. The relinquishment of these tort claims was a valid provision in the agreement.

Property settlement agreement as contract

¶ 15. Ms. Martinez argues that the lower court erred in interpreting this agreement as a relinquishment of all claims against the other spouse for any personal injury.
¶ 16. A property settlement agreement has the character of other contracts and also has the nature of a court order when it is incorporated into the final decree. East v. East, 493 So.2d 927, 932 (Miss.1986). Under paragraph XV, “each party releases the other party from all claims or demands through the date of the execution of this Agreement,” with the exception of anything “otherwise provided in this Agreement....” Ms. Martinez takes the exception, blends it into paragraph XIII that she agreed to “drop any charges of any nature filed by her against Husband,” and concludes that only claims then pending were relinquished by paragraph XV.
¶ 17. With respect, that is a distorted reading of the agreement. Each party released the other from all claims according to paragraph XV. In order for paragraph XIII to be an exception to that release, it would have needed by plain language or reasonable implication to preserve all claims not yet brought despite requiring that Ms. Martinez drop all claims already filed. We can not read the paragraph as a savings clause. Its sole language is of abandonment, not preservation. There was no language that only the claims that had already been brought were affected by the agreement to release *1251 claims. We find nothing in the agreement that excepted the claim now being made.

Ambiguity in agreement

¶ 18. Ms. Martinez argues that the language of the property settlement agreement is ambiguous and therefore requires a trial in order to present other evidence. We find no ambiguity. Parol evidence would have been inadmissible. Dismissal on the pleadings was appropriate.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.