OWEN, Circuit Judge,
concurring in the judgment:
This case was briefed to our court based on the argument that Page’s disability of minority was removed by section 93 — 11— 65(8)(a) of the Mississippi Code.[1] I agree that this section did not remove Page’s disability of minority for purposes of permitting him to sue for his personal injuries. That is because, by its own terms, section 93 — 11—65(8)(a) deals only with the duty of child support upon emancipation of a child.[2] It is found in Chapter 11 of the Mississippi Code, which is entitled “Enforcement of Support of Dependents.” However, I do not think it necessary to draw a sweeping distinction between “removal of disability” and “emancipation,” as the panel opinion does, to decide the only issues that are presented by this appeal. I therefore do not join the panel majority’s opinion in this latter regard and concur only in the judgment.
Chapter 19 of the Mississippi Code is entitled “Removal of Disability of Minority” and addresses a number of circumstances in which the disability of a minor may be removed. I note that it is at least arguable that Page’s disability of minority may be partially removed by a provision found in Chapter 19, section 93-19-13,[3] which is self-effectuating and does not require a decree from the chancery court.[4] Section 93-19-13 may have the effect of removing Page’s disability of minority as to his personal injuries, at least under some circumstances. That section of the Mississippi Code provides as follows:
All persons eighteen (18) years of age or older, if not otherwise disqualified, or prohibited by law, shall have the capacity to enter into binding contractual relationships affecting personal property. Nothing in this section shall be construed to affect any contracts entered into prior to July 1,1976.
In any legal action founded on a contract entered into by a person eighteen (18) years of age or older, the said person may sue in his own name as an adult and be sued in his own name as an adult and be served with process as an adult.[5]
A cause of action for personal injuries is personal property under Mississippi law.[6] A person eighteen years of age or older may enter into a valid and enforceable contract to settle a claim for personal injuries, even if suit has not been filed.[7] How *723 ever, we do not and should not reach questions regarding the potential effect of this statute on Page’s claim in the case before us because no arguments regarding this statute were presented to the district court, and this provision of Mississippi law was not raised in Brink’s initial briefing in this court.

. Miss.Code Ann. § 93-1 l-65(8)(a) (2004 & Supp.2012).

. Id. (“The duty of support of a child terminates upon the emancipation of the child.”).

. Id. § 93-19-13.

. See Garrett v. Gay, 394 So.2d 321, 322-23 (Miss.1981).

. Miss Code Ann. § 93-19-13.

. See e.g., Garrett, 394 So.2d at 322-23 (Miss. 1981).

. Id.