First Nat. Bank of Hattiesburg *v.* Ellison.[*]

(Division A. March 31, 1924.)

[99 So. 573. No. 24012.]

1. Exemptions. *Garnishment.* "*Garnishment*" *defined; constitutes* "*attachment*" *within statute exempting from attachment.*

A garnishment is the process by which money and goods due a judgment or attachment debtor by third persons are attached, and consequently the property of the judgment or attachment debtor, attached by such process in the hands of third persons, is seized under an attachment within the meaning of section 2147, Code 1906 (Hemingway's Code, section 1822), which exempts certain property from seizure or sale under execution or attachment.

2. Exemptions. *Wage exemption may be waived, and laborer residing in city, town, or village may hold statutory amount of personal property in lieu thereof.*

An exemption to a laborer who is the head of a family, from garnishment or other legal process, of his wages to the amount of fifty dollars per month, may be waived under section 2147, Code 1906 (Hemingway's Code, section 1822), by such laborer who resides in a city, town, or village, and he may hold as exempt from such process in lieu thereof personal property not to exceed two hundred fifty dollars in value.

3. EXEMPTIONS.     *Debt "personal property" under statute defining*
       *terms.*

   A debt is the personal property of the one to whom it is due,
      within the meaning of section 1591, Code 1906 (Hemingway's
      Code, section 1358), which provides that:

   "The term 'personal property,' when used in any statute, shall in-
      clude goods, chattels, effects, evidences or rights of action," etc.

---

*Headnote 1.  Garnishment, 28 C. J., sections 224, 1, 2.  Exemptions,
25 C. J., section 191, 3.  Exemptions, 25 C. J., section 135.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Proceeding between the First National Bank of Hattiesburg and J. A. Ellison. From the judgment rendered, the former appeals. Affirmed.

Statement of facts, published under direction of Chief Justice Smith, as follows:

"That, on the 9th day of May, 1923, the appellant, First National Bank of Hattiesburg, Mississippi, obtained a judgment in the justice of the peace court against the appellee, J. A. Ellison; such judgment being in the sum of $182.71 and all costs. The appellee did not perfect an appeal from the rendition of this judgment against him, and the said judgment has not been paid or satisfied. (See agreed statement of facts.) On the 18th day of September, 1923, a writ of garnishment, upon proper suggestion, was issued by the justice of the peace; such writ of garnishment being directed to the Gulfport & Mississippi Coast Traction Company, the company in whose employ Ellison, the appellee, was at that time. The garnishee, on the 26th of September, 1923, filed its answer to said writ of garnishment, admitting its indebtedness to this appellee, Ellison, in the sum of $138.05, and, answering further, said that this appellee was a laborer and that such amount of $138.05 due appellee by said garnishee was for wages earned by appellee for

labor performed by the said appellee. The appellee there-upon filed with the justice of the peace his claim for exemption, setting forth that he was a married man, living with his wife, the head of a family, and a householder, living in the city of Gulfport, and setting forth further that he was entitled to have exempt from sale, seizure, or execution personal property, to be selected by appellee, not to exceed $250 in value, and that he (the appellee) selected as part of such exemption the sum of $138.05 held under the authority of the foregoing described writ of garnishment by the Gulfport & Mississippi Coast Traction Company, the garnishee. Issue was joined on this claim for exemption, and the justice of the peace, rendered a judgment disallowing such claim for exemption, and entered a judgment in favor of appellant bank against the garnishee for the $138.05.

"The appellee appealed to the circuit court of Harrison county from such judgment of the justice of the peace, disallowing his exemption claim. This cause was submitted to the circuit court upon an agreed statement of facts, without the intervention of a jury. The judgment of the circuit court was that the claim for exemption of appellee for the entire amount of the $138.05 was allowed and the writ of garnishment dismissed, from which judgment the appellant prosecuted this appeal to this court."

*John L. Heiss* and *Geo. H. Murphy,* for appellant.

This case presents the single question of law as to whether a judgment debtor, who is a householder and having a family residing in a city, is entitled to invoke the exemption privilege of section 1822, Hemingway's Code, when such judgment debtor's wages have been garnisheed? After a careful search of the decisions of this court, we are unable to find where this question has ever been passed upon. While it is admittedly no argument against the position of the appellee, we might say

that we have never heard the position contended for by appellee, advanced in any court.

We submit, however, that the appellee is not entitled to invoke the exemption privileges of section 1822, Hemingway's Code, for the reason that the exemption privileges extended and granted by said section 1822 do not apply when the wages of a judgment debtor are garnisheed. This section provides that he ''shall be entitled to hold, exempt from seizure or sale under *execution or attachment, . . ..* and personal property to be selected by him or her, not to exceed in value two hundred and fifty dollars, or the articles specified as exempt to the head of a family.''

There is no exemption given by such section from a proceeding by garnishment. It might be contended, by appellee that there is no great difference between an execution, attachment or garnishment, but this does not meet the question and cannot be contended with any success, as there is a clear and distinct difference and they are distinct statutory proceedings.

An execution or an attachment seizes the property itself and takes it into custody. ''While garnishment proceedings accomplishes the same purpose as an attachment or execution, it is in no sense a levy on property, but is a judicial proceeding by which a new judgment is obtained.'' 20 Cyc. 978.

A careful examination of our various exemption laws will show that, with each class of property treated, the legislature used language appropriate to describe the character of protection suitable to the class of property affected. The purposes of exemption laws are fully discussed in the cases of *Chapman, et al.* v. *Berry,* 18 So. 918, and *Tishomingo Sav. Institution* v. *Young,* 40 So. 9. While it is true that the courts construe exemption laws liberally, yet the true rule of construction of such exemption laws is stated in *Tishomingo Sav. Institution* v. *Young,* 40 So. 9.

Appellee relied very strongly in the lower court upon *Bernheimer et al.* v. *Andrews,* 3 So. 75. This decision seems, on the question of exemption, both unsound and *obiter dicta.*

We have found one citation of authority, from Alabama, that might be, upon first reading, considered as contrary to our position, but a careful examination of the Alabama statute, in the case cited, will show such Alabama case not to be applicable in the instant case. 11 R. C. L., page 524, par. 35; 102 A. S. R., page 101; 91 Am. Dec. 421.

The definition of "personal property" is found in section 1358, Hemingway's Code. In this definition there is only one word used that could possibly cover wages due, and that is "chattels," in its broadest definition, as including choses in action. We submit, however, that the context shows the broad import of the word is limited by the fact that this general term is limited by specifically setting out certain characters of choses in action, those in which there is evidence of right of action and written instruments, thereby by inference excluding the class of choses in action involved in this case. A definition of "chattels" is stated in 11 Corpus Juris 383-4.

Because of this rule of construction, we submit that a simple debt, of which no evidence exists and is not in writing, should not be classed as personal property under the statute in question.

*W. H. Maybin,* for appellee.

The answer to the garnishment by the Mississippi & Gulf Coast Traction Company was in their *blank form,* in which they assumed the *personal privilege* of claiming exemption for the exemptionist. The appellee did not in either court, and does not here, claim any exemption as a *laborer.* The exemption that he claims is one that has been written in the state of Mississippi for all the ages, is personal exemption of two hundred fifty dollars to a

citizen living in the city or town and being a householder and the head of the family. Hemingway's Code, sec. 1822. Without assuming to lecture the court we adopt its language in *Bernheimer* v. *Andrews,* 65 Miss. 28, which is the only Mississippi case in point.

It is for the exemptionist to select for himself according to his judgment, taste or fancy, and no court can abridge this right which the law has given him. In the case of the *Bank of Gulfport et al.* v. *D. L. O'Neal,* 86 Miss. 85, the court said: "Laws granting exemption from levy and sale under execution are construed liberally in favor of the exemptionist." This brings us to the only contention that there is really in this case. I am unable to draw the very narrow distinction that the very able counsel for the appellant draws between execution and garnishment. The purpose of the exemption statute is to exempt, and it matters little from which direction an attack may be made, upon this Fortress that has been erected by the state of Mississippi around its citizens, and the court will note that the appellee, so far as this record discloses, neither stood nor claimed to stand in the attitude of a laborer claiming his wages as exemption.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a judgment allowing the claim of a judgment debtor that a debt due him by a garnishee is exempt from execution or attachment under section 2147, Code of 1906 (Hemingway's Code, section 1822), which provides:

"Every citizen of this state, male or female, being a householder, and having a family residing in any city, town or village, shall be entitled to hold. exempt from seizure or sale under execution or attachment, the land and buildings owned and occupied as a residence by such person, not to exceed in value, save as hereinafter provided, three thousand dollars, and personal property to

be selected by him or her, not to exceed in value two hundred and fifty dollars, or the articles specified as exempt to the head of a family,'' etc.

The reporter will set out the facts as stated in the brief of counsel for the appellant.

The contentions of counsel for the appellant are:

(1) That a garnishment is neither an execution nor an attachment, and that consequently the exemption claimed does not come within the provisions of the statute.

(2) The exemption of the wages of the head of a family is limited by the tenth paragraph of section 2139, Code of 1906 (Hemingway's Code, section 1812), to fifty dollars per month.

(3) That the said debt due the appellee by the garnishee is not personal property, as defined by section 1591, Code of 1906 (Hemingway's Code, section 1358).

While it is true that in a garnishment proceeding property is not seized in the sense that it is taken into the manual possession of the officer by whom the writ is executed, nevertheless it is to all intents and purposes an attachment, being the process by which money and goods due a judgment or attachment debtor by third persons are attached. 2 Bouvier's Law Dictionary (Rawle's Third Revision), p. 1335.

It is true that the tenth subdivision of section 2139, Code of 1906 (Hemingway's Code, section 1812), provides that there ''shall be exempt from garnishment or other legal process, . . . the wages of every laborer or person working for wages, being the head of a family, to the amount of fifty dollars per month;'' but this exemption is one of the various other exemptions granted by the statute to the head of a family, all of which can be waived under section 2147, Code of 1906 (Hemingway's Code, section 1822), and personal property not to exceed two hundred fifty dollars be selected in lieu thereof. Consequently the restriction therein of the exemp-

tion of wages to an amount not to exceed fifty dollars per month has no application here.

At common law personal property "'includes money, chattels, things in action, and evidence of debt,'' 3 Bouvier's Law Dictionary (Rawle's Third Revision), p. 2576, and it is hardly probable that the legislature intended by section 1591, Code of 1906 (Hemingway's Code, section 1358), to exclude things in action and evidence of debt therefrom.   The section provides:

''The term 'personal property,' when used in any statute, shall include goods, chattels, effects, evidences of rights of action, and all written instruments by which any pecuniary obligation, or any right, title, or interest in any real or personal estate, shall be created, acknowledged, transferred, incurred, defeated, discharged, or diminished.''

The word ''effects'' defines property in a more extensive sense than goods and chattels, and may include things in action, 1 Bouvier's Law Dictionary (Rawle's Third Revision) p. 975, and we are of opinion that it includes such here.

*Affirmed.*