**GRENADA BANK, a Mississippi banking corporation, d/b/a "Coahoma Bank", Plaintiff-Appellant,**

v.

**Robert WILLEY, Sr., et al., Defendants-Appellees.**

No. 81–4477.

United States Court of Appeals, Fifth Circuit.

Dec. 20, 1982.

Rehearing and Rehearing En Banc Denied Jan. 21, 1983.

Christian T. Goeldner, Southaven, Miss., for plaintiff-appellant.

Lawson F. Apperson, Memphis, Tenn., for Day & Apperson.

Before GARZA, TATE and WILLIAMS, Circuit Judges.

GARZA, Circuit Judge:

This appeal arises out of Grenada Bank's attempt to satisfy its judgment against Robert Willey through the execution and sale of a 47% interest in five Mississippi partnerships. On August 31, 1981, the district court ordered the U.S. Marshal to conduct a public sale of Mr. Willey's 47% interest in the partnerships. Upon motion by Mr. Day and Mr. Apperson, appellees, the court allowed said parties to intervene and after a hearing revoked its order directing a judicial sale of Mr. Willey's interest. Grenada Bank contends the court erred in revoking the order.

On September 25, 1980, Grenada Bank obtained a judgment against Robert Willey and the other promoters: Linda B. Willey, John F. Watson, John T. James, Jr., Marco Planning Co., and Southern Consulting Corporation. Prior to June 3, 1981, Mr. Willey owned a 47% limited interest and a 2% general interest in each of six limited partnerships which had been formed for the purpose of constructing and owning separate apartment projects. On June 3, 1981, the projects were suffering various financial problems. A Subscription Agreement and an Amended and Restated Partnership Agreements were executed whereby Mr. Day and Mr. Apperson, appellees, agreed to contribute a total of $1,000,000 directly to the respective partnerships. As a result, Day and Apperson received a 99.7% aggregate interest in each of the partnerships while Mr. Willey's interest was reduced to .1%.

On June 17, 1981, Grenada Bank obtained another judgment against Mr. Willey and the other promoters for $104,833.08. Between June 22 and June 26 the promoters recorded, in the Chancery Clerk's offices of various Mississippi counties, amended certificates of partnership reflecting a 47% limited partnership interest of Mr. Willey. On June 23, 1981, it was certified to the Department of Housing and Urban Development that Mr. Willey owned a 47% interest in the partnership. On June 29, 1981, Day and Apperson completed their capital contribution to the partnerships by contributing $400,000 in cash and $600,000 in negotiable promissory notes.

On July 22 Grenada Bank began the process of selling Mr. Willey's interest by making application for writ of execution. On June 23, 1981, the district court judgment was enrolled on the judgment rolls of various Mississippi counties where the limited partnership had interest, and certified copies of the writs of fieri facias were recorded in the appropriate Chancery Clerk's offices of these counties. Writ of fieri facias was served on Mr. Willey on July 29. On August 21 Grenada Bank moved for an order directing sale of a 47% interest in the partnership. On August 31, 1981, the district court ordered a judicial sale of a 47% interest in each of the partnerships allegedly belonging to Mr. Willey.

On September 2, 1981, Day and Apperson became aware of the judgment against Mr. Willey and recorded amended certificates of limited partnership, reflecting their interest pursuant to the June 3 Subscription Agreement, in the appropriate Chancery Clerk's offices. On October 26, 1981, the Department of Housing and Urban Development approved Day and Apperson as required under the Subscription Agreement.

On October 30, 1981, the trial court authorized Day and Apperson to intervene. The district court held that the execution of the June 3, 1981, Subscription Agreement reduced Mr. Willey's interest in the partnership to .1%. Therefore, on August 31, 1981, when the sale of Mr. Willey's 47% interest was ordered Mr. Willey only had a .1% interest in the partnership. The district court, consequently, revoked the prior order directing the United States Marshal to conduct a public sale of Mr. Willey's 47% interest in the Mississippi limited partnerships. Judge Senter went on to find that since Mr. Willey's interest in the partnership was an

intangible personal property interest a writ of garnishment, and not a writ of fieri facias, must be used to reach the property.

Grenada Bank raises two issues on appeal: (1) whether the district court erred in holding that the transfer of partnership ownership to Day and Apperson cut off Grenada Bank's ability to reach the 47% interest in the partnership previously owned by Mr. Willey; and (2) whether the district court erred in holding that garnishment, and not a writ of fieri facias, is the proper means of reaching a limited partnership interest. We find the district court did not err.

■ Mr. Willey's interest in the partnership was personal property. Miss.Code Ann. § 79–13–37. *See Myrick v. Second National Bank of Clearwater,* 335 So.2d 343, 344 (Fla.Dist.Ct.App.2d Dist.1976). The interest is intangible personal property since an interest in a partnership is a nonphysical asset which exists only in connection with the assets or value of the partnership. "The lien of an enrolled judgment does not attach to intangible property." *Simmons-Belk, Inc. v. May,* 283 So.2d 592 (Miss.1973). The lien attaches when the writ, subjecting the intangible property to the judgment, is served. *See id.* at 594. Thus, the lien could not possibly have attached until July 29, 1981, when the writ was served on Mr. Willey.[1] Day and Apperson, by executing the Subscription Agreement and Amended and Restated Partnership Agreements on June 3, 1981 and by contributing $1,000,000 directly to the partnerships on June 29, 1981, received a 99.7% interest in the partnerships free of any lien. The district court, therefore, correctly revoked its order directing the sale of Mr. Willey's 47% interest in the partnerships.

Section 79–13–43 of Mississippi Code Annotated provides:

(1) On due application to a court of competent jurisdiction by any judgment creditor of a limited partner, the court may charge the interest of the indebted limited partner with payment of the unsatisfied amount of the judgment debt;

. . . .

The question before this court is whether a writ of garnishment or a writ of fieri facias is the proper means of charging the interest of the limited partner.

■ A writ of fieri facias directs the sheriff to take physical possession of the property. *See* D. Dobbs, Remedies 10 (1978). The sheriff cannot physically possess an interest in a limited partnership. A writ of fieri facias, therefore, is not a proper means of charging the interest of a limited partner.

■ In executing a writ of garnishment the sheriff does not take physical possession of the property. *First National Bank of Hattiesburg v. Ellison,* 135 Miss. 42, 99 So. 573, 574 (1924). Garnishment is the process by which assets due a judgment debtor by third persons are attached. *Id.* Here the asset due is Mr. Willey's interest in the limited partnership; the judgment debtor is Grenada Bank; and the third persons are the limited partnerships. Grenada Bank could have garnished Mr. Willey's interest in the limited partnerships by serving the partnerships. Garnishment, consequently, is the proper means of charging the interest of the limited partnership. *See Simmons-Belk, Inc. v. May,* 283 So.2d 592, 594 (Miss.1973); 6 Am.Jur. *Attachment and Garnishment* § 187.

■ Grenada Bank's brief presents several arguments against garnishment. Appellant asserts that Rule 69(a) of the Federal Rules of Civil Procedure precludes the use of garnishment for enforcement of a judgment for money damages. Rule 69 does not preclude the use of garnishment for enforcement of a judgment.[2] *See Juneau Spruce Corporation v. International Longshoremen's and Warehousemen's Union,* 131 F.Supp. 866, 869 (D.Hawaii 1955).

---

1. The writ served on July 29, 1981, was a writ of fieri facias. As will be shown below, a writ of fieri facias is not a proper means of reaching an interest in a limited partnership. The lien, therefore, could not have attached on July 29, 1981.

2. Appellant relied on the first sentence of Rule 69 which states: "Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." Appellant argues that this sentence makes a writ of execution the exclusive

Grenada Bank contends that a writ of garnishment is an inadequate remedy in that it only reaches the right to receive cash flow and does not allow the creditor to share in tax losses. In essence, appellant argues that a creditor of a limited partner must be afforded a remedy which will allow the creditor to become a substitute limited partner. Mississippi Code § 79–13–37 provides that a limited partner's interest may be assigned, but the assignee is only entitled to reach the share of the profits or other income or return of contribution to which the assignor would be entitled; an assignee becomes a substitute partner only if all members of the limited partnership consent or if the partnership agreement gives the assignee that right. The district court could thus assign a creditor the right to reach the share of the profits or other income or return of contribution to which the debtor would be entitled. The district court, however, could not make the creditor a substitute limited partner. The appellant's proposed remedy, therefore, would be contrary to Mississippi law.[3]

All of Grenada Bank's contentions are without merit.

AFFIRMED.

means of enforcing a judgment. Such a reading would conflict with the next sentence which states:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Inasmuch as no applicable federal statute governs, the practices and procedures of Mississippi must be used in executing the judgment. A writ of execution cannot be the exclusive means of enforcing a judgment since Mississippi practice and procedure provides for garnishment.

3. In oral arguments and by supplemental letter Grenada Bank discussed a companion case pending in the United States Court of Appeals for the Sixth Circuit. The case arose out of attempted execution on the same final judgment as the case at hand, and a final order was issued in the United States District Court for the Western District of Tennessee. The district court, in its Order on Motion for Order Directing Execution Sale, noted that "in Tennessee the execution used to enforce a collection of a money judgment or decree is called fieri facias." The court's order was not based on this statement. The court's denial of the creditor's motion for execution sale was based on the fact that the transfer of partnership interest occurred before the issuance of the writ. Most importantly the court was interpreting Tennessee law and not Mississippi law. We, therefore, do not find this case persuasive.