457 So.2d 1333 (1984)
FIRST MISSISSIPPI NATIONAL BANK, Appellant,
v.
Klh INDUSTRIES, INC., Appellee.
No. 54946.
Supreme Court of Mississippi.
October 3, 1984.
*1334 M. Ronald Doleac, Finch, Wicht & Doleac, Hattiesburg, for appellant.
John Land McDavid, James M. Nix, Martin R. Jelliffe, McDavid, Edmonson & Noblin, Jackson, for appellee.
EN BANC.
ROBERTSON, Justice, for the Court:

ON PETITION FOR REHEARING

I.
We today inquire generally whether the Mississippi Rules of Civil Procedure, effective January 1, 1982, regulate the procedural aspects of the form of action known as garnishment. A garnishment action is in the nature of a civil action and is certainly subject to the rule-making power of this Court and the Mississippi Rules of Civil Procedure the same as any other civil action. By operation of Rule 69(a), Miss.R. Civ.P., process supplementary to, and for the enforcement of, a judgment for the payment of money is expressly declared to be governed by heretofore existing statutes. Accordingly, by virtue of an express provision in the Rules the procedural rules whereby a party seeks to secure and enforce the remedy of garnishment are those provided by our garnishment statutes, Miss. Code Ann. §§ 11-35-1 to -61 (1972), supplemented by so much of the Mississippi Rules of Civil Procedure as may be found not inconsistent with the procedures prescribed in such statutes.
More specifically, the instant appeal asks that we consider just how long a garnishee served with a writ of garnishment may ignore the process of the court without being stuck for the entire original judgment debt. The question is controlled by procedural aspects of our garnishment statutes. We today hold that such a garnishee, even though the subject of an otherwise valid default judgment following service of the writ of garnishment and failure to answer, may nevertheless suspend execution and enforcement of that judgment at any time before completion of the execution of enforcement process thereon. Miss. Code Ann. § 11-35-31 (1972).
When all is said and done, we find that KLH Industries, Inc., the garnishee below and the Appellee here, filed its sworn declaration prior to the response of a third party upon whom execution of process by way of a supplemental garnishment had been levied. Accordingly, the trial judge correctly held KLH entitled to limit its liability to the extent of indebtedness held by it owing to the original judgment debtor, plus court costs and reasonable attorneys fees of First Mississippi National Bank, the original judgment creditor and the Appellant here. We affirm.

II.
On May 19, 1982, First Mississippi National Bank (FMNB) filed in the Circuit Court of Jefferson Davis County its suggestion for writ of garnishment against KLH Industries, Inc. (KLH).
FMNB alleged that it held an unsatisfied judgment against Cordelia Clark in the sum of $10,182.60. The judgment was said to have been entered on January 11, 1978, and *1335 to bear interest at the rate of 8% from that date.
The suggestion then charged
"that KLH Industries, Inc., a Mississippi Corporation, of Jackson, Hinds County, Mississippi, is indebted unto said Defendant [Clark] or has property of said Defendant in its possession or under its control, or knows of some other person who is so indebted, or who has effects or property of the said Defendant in his hands."
The record reflects that, on May 24, 1982, process  denominated "writ of garnishment"  was formally executed upon KLH Industries, Inc. via Kenneth G. Humer, an agent for KLH. The process advised KLH that it should answer on or before August 16, 1982. The process also advised KLH of FMNB's claim that it held a judgment against Cordelia Clark.
For reasons unknown KLH filed no answer  not within thirty days nor by August 16, 1982.
On September 1, 1982, FMNB filed a motion for default judgment against KLH. A copy of the motion was served upon KLH. This motion charged that KLH had failed to answer
"thereby rendering itself in default and making itself liable to the Plaintiff and subject to default judgment;".
On September 28, 1982, FMNB filed a request for entry of default, purportedly in accordance with Rule 55(a), Miss.R.Civ.P., accompanied by an affidavit setting forth the facts of KLH's default. Insofar as the record reflects, these papers were not served upon KLH.
On September 28, 1982, KLH's default was entered by the Circuit Clerk of Jefferson Davis County. On the following day, September 29, 1982, the Circuit Court entered judgment by default in favor of FMNB and against KLH in the amount of $9,782.60 plus interest and costs as allowed by law.
Thereafter, FMNB discovered that KLH had funds on deposit with Deposit Guaranty National Bank of Jackson (DGNB). On November 8, 1982, FMNB filed a second suggestion for writ of garnishment, this time against DGNB. FMNB there alleged that it held an unsatisfied judgment against KLH entered September 29, 1978, and that DGNB was indebted to KLH. The writ of garnishment appears to have been formally served on DGNB on November 9, 1982.
KLH's first appearance insofar as the record reflects was made on January 6, 1983, when it filed a "sworn declaration", invoking a procedure set forth in our garnishment statutes: Miss. Code Ann. § 11-35-31 (1972). Significantly, DGNB as garnishee had not, prior to this point in time, either answered or paid into court the funds caught by the garnishment. In its sworn declaration, KLH acknowledged that Cordelia Clark was in its employ and stated that it had been withholding from Clark's wages the appropriate sum continuously since May 29, 1982, and that an aggregate amount of $1,110.95 had been so withheld. KLH denied that it was in any other way indebted to or in possession of the effects of Clark, thus suggesting that the execution on FMNB's judgment against KLH should be suspended with respect to all amounts in excess of the amount that KLH had withheld to date.
On January 11, 1983, FMNB responded, insisting that the judgment of September 29, 1982, had become final and that no timely motion to vacate said judgment had been filed nor had any appeal been perfected.
Following a hearing thereon, the Circuit Court on February 4, 1983, entered its order in effect suspending enforcement of so much of the judgment as required KLH to pay to FMNB an amount in excess of the sums theretofore lawfully withheld from Clark's wages, directing KLH to pay to FMNB all wages so withheld, and further directing that KLH continue to withhold from Clark's wages the maximum amount allowable by law until such time as (a) the judgment held by FMNB against Clark be satisfied or (b) Clark should leave the employment of KLH, whichever first occurred. *1336 KLH was further ordered to pay to FMNB the sum of $500 as attorneys' fees, plus court costs.
On March 21, 1983, FMNB filed a motion asking the Court to reconsider its order of February 4, 1983, and to reinstate the original judgment. On the same day the Circuit Court entered its order overruling that motion. Immediately thereafter FMNB perfected its appeal to this Court.

III.

A.
The substantive remedy of garnishment has been created by legislative enactment codified as Miss. Code Ann. §§ 11-35-1 to -61 (1972). The procedure for enforcement of that remedy has heretofore been provided in the same code chapter. A question arises, however, whether that procedure has in any way been supplanted by the Mississippi Rules of Civil Procedure which became effective January 1, 1982.
Rule 1, Miss.R.Civ.P., provides that the Rules shall
"govern procedure in circuit courts ... in all suits of a civil nature, subject to certain limitations enumerated in Rule 81."
This garnishment action, aside from its picturesque nomenclature, has all of the appearances of a "suit of a civil nature". It has been brought in the Circuit Court of Jefferson Davis County. A careful perusal of Rule 81, Miss.R.Civ.P., discloses no express indication that garnishment proceedings are exempt from procedural regulation by the Mississippi Rules of Civil Procedure.
On the other hand, there is in Rule 81 an implied indication to that effect. Rule 81(h) relates to statutes affected by the Rules:
(h) Statutes Affected. To the extent that the statutes listed in Appendix B of these rules prescribe rules of civil practice or procedure, such statutory rules shall be supplanted by these Mississippi Rules of Civil Procedure in all courts subject to these rules in all actions not excepted by these rules.
Appendix B is entitled: "Statutes Affected." The introductory paragraph of Appendix B provides:
To the extent that the statutes listed in this Appendix prescribe rules of practice and procedure, such statutory rules shall be supplanted by the provisions of the Mississippi Rules of Civil Procedure, which shall govern any civil action authorized or contemplated thereby (see, M.R.C.P. 81).
The garnishment statutes [Section 11-35-1 et seq. of the Code] are not listed as statutes affected by the Rules. The fact that the garnishment statutes were not among those listed in Appendix B suggests that the Rules may not have altered the statutory garnishment procedure.

B.
Two other Rules are much closer to the mark. First, Rule 64, Miss.R.Civ.P., provides that "at the commencement of and during the course of an action" provisional remedies "are available under the circumstances and in the manner provided by law". The unofficial Comment to Rule 64 expressly though erroneously mentions garnishment as one of those so-called provisional remedies available.[1]
*1337 The reason Rule 64 has no application is that it refers to "provisional remedies" available "at the commencement of and during the course of an action". The action by FMNB against Cordelia Clark was commenced August 22, 1977. That action ended on January 11, 1978, with the entry of a final judgment in favor of FMNB and against Clark. This action was not a procedure employed by FMNB at the commencement of or during the course of the original action against Cordelia Clark. Rather it was a separate albeit successor action in which FMNB sought to enforce its judgment against Clark.
Beyond that, the substantive remedy of garnishment has never been available in this state "at the commencement of and during the course of an action". Mississippi law allows a creditor to proceed against another said to be indebted to the creditor's debtor only after the creditor has obtained a judgment against such debtor. Miss. Code Ann. § 11-35-1 (1972). Of course, the substantive aspects of the garnishment remedy he may receive have in no way been altered by the advent of our Civil Rules, nor could they be.

C.
Rule 69(a), Miss.R.Civ.P., is the applicable and governing rule. This Rule pertains to enforcement of judgments, and provides:
(a) Enforcement of Judgments. Process to enforce a judgment for the payment of money shall be by such procedures as are provided by statute. The procedure on execution, in proceedings supplementary to and in aid of judgment, and in proceedings on and in aid of execution, shall be as provided by statute.
Garnishment is not a pure, independent action but instead is more in the nature of "an ancillary or auxiliary proceeding, growing out of, and dependent on, another original or primary action or proceeding, ..." 38 C.J.S. Garnishment § 2(4) at 206. Garnishment is a process which may be "resorted to in aid of an execution for the enforcement of a judgment recovered in the principal action or proceeding, ... ." Id.
This Court observed in First National Bank of Hattiesburg v. Ellison, 135 Miss. 42, 99 So. 573 (1924), that garnishment was "the process by which money and goods due a judgment ... debtor by third persons were attached." 99 So. at 574. Garnishment is a process to enforce a judgment, as well as being supplementary to and in aid of judgment and a proceeding on and in aid of execution as contemplated by Rule 69(a).
According to Rule 69(a), the procedure required by the Rules themselves by which the holder of a judgment seeks to enforce that right and to secure that remedy, "shall be as provided by statute [the garnishment statutes]." [Emphasis added]. The Rules, therefore, defer to the garnishment statutes with regard to procedures to be followed in a garnishment action.
The official comment to Rule 69(a) reiterates the point:
"Rule 69(a) provides that the traditional Mississippi legal devices continue to be available for the enforcement of judgments, *1338 and that the statutory procedures governing their use still prevail; there is no departure from prior law." [Emphasis added].
Accordingly, the procedural rules whereby a party seeks to enforce, or resist the enforcement of, the remedy of garnishment is that provided by our garnishment statutes, Miss. Code Ann. §§ 11-35-1 to -61 (1972) supplemented only by so much of the Mississippi Rules of Civil Procedure as may be found not inconsistent with those statutes.

IV.
Turning to the merits of this appeal, we find FMNB arguing strenuously that KLH has waited too late to file its sworn declaration, that its judgment of September 29, 1982, against KLH for $9,782.60 plus interest and costs had become irretrievably final, subject to enforcement by execution or other similar process as any other final judgment. In support FMNB relies heavily upon Mississippi Action for Community Education, Inc. v. Montgomery, 404 So.2d 320 (Miss. 1982) (hereinafter "MACE"). The rule of that case ultimately proves FMNB's undoing.
In MACE, C.M.I. recovered a judgment against Montgomery, an employee of MACE. C.M.I. then commenced garnishment proceedings against MACE to enforce that judgment. MACE failed to answer and final judgment was entered against it by default. Subsequently, C.M.I. sought to enforce the MACE judgment and to that end issued process in the form of a writ of garnishment against the First National Bank of Greenville, suggesting that the Bank held property of or was indebted to MACE. On July 11, 1980, the Bank answered that it held funds on deposit for the account of MACE sufficient to cover the judgment and paid into the registry of the court the amount sought in the garnishment process. The circuit clerk dispersed the funds, and the judgment against MACE was marked satisfied.
On August 28, 1980  some six weeks later  MACE filed a sworn declaration in which it invoked the limitation of liability provisions of Section 11-35-31. MACE asked that the court enter an order suspending the execution of the judgment C.M.I. held against MACE and that its liability be limited to the total amount of funds (wages) held by MACE and owed to the original judgment debtor, Montgomery. This Court held that the sworn declaration was filed six weeks too late.
"MACE, in order to suspend the execution of the writ of garnishment, ... [had to have filed] a sworn declaration in the court before the garnishee (FNB) had answered and paid into Court the funds caught by the garnishment. In other words, MACE ... [could] not wait to file a declaration to suspend the execution until the execution ... [had] been completed, the answer filed, the funds paid into Court and dispersed by the clerk to the judgment creditor."
 404 So.2d at 322. [Emphasis added]
The controlling distinction between MACE and the case at bar is that, KLH's sworn declaration, however tardy it may have been, was filed on January 6, 1983  before the garnishee (DGNB) had either answered or paid into Court the funds caught by the garnishment, while in MACE the declaration was filed after.
We are ultimately concerned with Miss. Code Ann. § 11-35-31 (1972), which provides:
If a garnishee, personally summoned, shall fail to answer as required by law, or if a scire facias on a judgment nisi be executed on him, and he fail to show cause for vacating it, the court shall enter a judgment against him for the amount of plaintiff's demand; and execution shall issue thereon, provided, however, that the garnishee may suspend the execution by filing a sworn declaration in said court showing the property and effects in his possession belonging to the debtor, and his indebtedness to the debtor, if any, or showing that there be none, if that be true; and by such act and upon a hearing thereon, the garnishee shall limit his liability to the extent of such property and effects in his hands, and *1339 such reasonable attorney's fees of the judgment creditor in said garnishment action.
This statute has been authoritatively construed in MACE.
The statute itself places no time limit on the filing of a sworn declaration such as that KLH filed on January 6, 1983. Indeed, that statute does not appear to invalidate the judgment, only to suspend enforcement via execution or other similar process. Upon proper proof the garnishee may limit its liability
"to the extent of ... such indebtedness due by him to the debtor, plus court costs and reasonable attorney's fees of the judgment creditor in said garnishment action." Miss.Code § 11-35-31
MACE construes the statute and holds that, so long as the garnishment defendant files its sworn declaration before completion of the enforcement process, i.e., before the party levied upon has answered or paid monies into the Court, the limitation of liability protections of the statute remain available. By virtue of Rule 69(a), Miss.R. Civ.P., the statute Section 11-35-31, as construed in MACE, furnishes the rule of decision for today's case.
On February 4, 1983, the Circuit Court of Jefferson Davis County entered its final order upholding KLH's claim of the protections of the limitation of liabilities features of Section 11-35-31. That order provided that KLH should pay into the registry of the court all sums withheld from the wages of the original judgment debtor, Cordelia Clark, since the date of the original garnishment caused by FMNB to have been served upon KLH (which sum appears to have been at the time a minimum of $1,110.95); that KLH should pay FMNB the sum of $500.00 as reasonable attorney's fees allowed under Section 11-35-31 and that KLH should continue to withhold from the salary or wages of Cordelia Clark the amounts required by law until such time as the original debt is satisfied or Clark should leave the employment of KLH. Finally, KLH was required to pay all costs.
The Circuit Court was asked to reconsider this ruling and on March 21, 1983, entered its order overruling the motion to reconsider, in effect reaffirming the order of February 24, 1983. For the reasons set forth hereinabove, we affirm.
PETITION FOR REHEARING DENIED; FORMER OPINION WITHDRAWN AND MODIFIED; FINAL JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON DAVIS COUNTY AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.
NOTES
[1] The Comment to Rule 64 states

Rule 64 provides that the provisional remedies available under Mississippi law for the seizure of persons or property as security for satisfying a judgment that ultimately may be entered in a civil action continue to be available under the MRCP.
The term "provisional remedies" clearly concerns pre-judgment remedies such as attachment, replevin, sequestration, and the like. The point is reinforced by the reference to these remedies as providing "security" for satisfying a judgment that "may be entered". This language would seem to exclude our garnishment remedy.
The Comment goes on to provide that Mississippi's various provisional remedies "are to be resorted to in accordance with statutory law; see, e.g., Miss Code Ann... . §§ 11-35-1 et seq. (garnishment)... ." This statement is unfortunately imprecise if not incorrect. First, garnishment in Mississippi is not a provisional remedy. Second, whether a judgment creditor as a matter of substantive right is entitled to the garnishment remedy certainly continues to be governed by our statutory law. The procedure by which he seeks to enforce that right and secure that remedy is that provided in the statutory law supplemented only by so much of the Mississippi Rules of Civil Procedure as may be found not inconsistent with the statutes.
This miscomment probably derives from the pre-eminent status of Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), has acquired in recent years. Sniadach invalidated Wisconsin's pre-judgment garnishment procedure  a procedure this state does not have and has not had. Nothing in Sniadach touches our garnishment laws. Sniadach and progeny, however, have served to invalidate certain procedural features of our replevin, attachment and sequestration laws. Keelon v. Davis, 475 F. Supp. 204, 206-13 (N.D. Miss. 1979) (Mississippi sequestration statutes in part invalid); MPI, Inc. v. McCollough, 463 F. Supp. 887, 895-901 (N.D.Miss. 1978) (Mississippi chancery attachment statutes in part invalid); Mississippi Chemical Corp. v. Chemical Construction Corp., 444 F. Supp. 925, 934-37 (S.D. Miss. 1977) (Mississippi attachment at law statutes in part invalid). These developments have obscured the fact that in Mississippi garnishment is different.