PIERCE, Justice,
for the Court:
¶ 1. This case has its origin in a 1996 divorce decree in Lamar County. Thirteen years after the divorce was finalized, the Lamar County Chancery Court found that the former husband, John David Gat-wood, appellee in this case, was in arrears on certain financial obligations imposed by the 1996 divorce decree. Because of various extenuating circumstances, the chancellor ordered Gatwood to pay off his debt in monthly installments. More than a year after the chancery court judgment, the former wife’s attorney, Jack Parsons, successfully filed a suggestion for writ of garnishment in the Lamar County Circuit Court, obtaining a writ of garnishment significantly accelerating payment of Gat-wood’s financial obligations. Circumstances related to the manner in which the writ of garnishment was obtained resulted in sanctions against Parsons; the garnishment proceedings also gave rise to other rulings which have been appealed to this Court.
*1034 FACTS
¶ 2. The dispute arises from a 1996 divorce decree between William David Gat-wood and Susan Gatwood (currently Susan Cooper, appellant in this case). That decree required Gatwood to pay child support as well as life insurance, medical insurance, and medical expenses for his minor children. For thirteen years, Gat-wood timely paid the child support but did not provide the required insurance or contribute to the children’s medical expenses. In 2009, Cooper brought a contempt action against Gatwood in Lamar County Chancery Court based on his failure to pay the insurance premiums and medical expenses, but not for child support. On September 28, 2009, the chancellor awarded Cooper $68,671.27. However, because Cooper had waited an extended period of time to bring the action, and because Gatwood had made substantial financial contributions for the children’s upbringing beyond regular child support, the chancellor reasoned that “equity required” the award not be paid in a lump sum but rather ruled that it be “paid at the rate of $200.00 each month.” The chancellor did not award interest.
¶ 3. More than a year later, on December 1, 2010, Parsons filed on Cooper’s behalf a suggestion for writ of garnishment in the Lamar County Circuit Court against Lamar Auto Salvage, asserting that Lamar Auto was Gatwood’s employer and that Gatwood was the judgment debtor for $68,671.27, plus interest at a rate of eight percent from the date of judgment. However, Parsons failed to disclose critical facts: specifically that the chancellor had ruled the award be paid in monthly installments, without interest due. Moreover, Parsons failed to disclose that Gatwood was current on all monthly payments due under that order.
¶ 4. In February 2011, after receiving no response from Lamar Auto Salvage, the circuit court issued a default judgment against Lamar Auto. Then, on July 28, 2011, the circuit court entered an order granting Lamar’s motion to set aside the default judgment against Lamar based upon an agreement reached between Lamar and Cooper, that Lamar would remit $35,885.50 to Cooper. Upon receipt of the funds, Parsons was to communicate confirmation of same to the circuit clerk so the clerk could then cancel the default judgment against Lamar. Shortly thereafter, Lamar paid $35,885.50 to Parsons on behalf of Cooper for the garnishment action. On Monday, August 8, 2011, Gatwood filed a Motion to Amend/Alter Judgment for a New Trial and Other Relief. In October 2011, after receiving a letter from Parsons stating that the garnishment against Lamar remained in full force and effect and that Lamar was to continue withholding the statutory allowance, Lamar paid an additional $4,963.49 on the garnishment action to Parsons on behalf of Cooper. In November 2011, Gatwood filed a motion for sanctions based on Parson’s representations to the circuit court. In December 2011, the circuit court entered an order staying further execution on the garnishment. Cooper thereafter filed a motion to dismiss, claiming inter alia that Lamar was not a party to the suit and thus had no standing to file any pleadings in the action. (According to the circuit court, Cooper meant to assert that Gatwood was not a party to the garnishment action.)
¶ 5. The circuit court joined Gatwood as a permissive party under Mississippi Rule of Civil Procedure 19, though the motion was filed one day past the ten-day deadline. (The deadline fell on a Sunday.) The circuit court found that Parsons had violated the Litigation Accountability Act and Mississippi Rule of Civil Procedure 11 *1035 by materially misrepresenting the terms of the Lamar County Chancery Court’s 2009 judgment. The judge accordingly issued sanctions, awarded attorneys’ fees to both Gatwood and Lamar Auto, and voided the garnishment judgment against Lamar Auto. Gatwood died on June 29, 2012. The Estate of William David Gatwood was substituted as appellee (“Gatwood”).
¶ 6. On appeal, Cooper raises six issues:
1. The court erred when it considered the motion to amend/alter judgment for a new trial and other relief because it was not filed as required by Rule 59 of the Mississippi Rules of Civil Procedure.
2. The court lacked jurisdiction to change the chancery court judgment when the judgment stated “for which let proper execution issue.”
3. William David Gatwood had no standing to become a party in the garnishment proceedings. The debtor is not necessary and should not be made a party.
4. The court lacked jurisdiction to retroactively modify the child-support payment order by the chancery court.
5. The court erred when it assessed sanctions and penalties against the plaintiff and her attorney.
6. The court erred when it ordered the return of funds from the garnishment.
¶ 7. Gatwood raised two issues:
1. Whether all issues other than the sanctions order were mooted by the death of William David Gatwood.
2. Whether the sanctions order is valid and enforceable jointly and in solido against Susan V. Cooper and Jack Parsons.
¶ 8. The primary issue on appeal is whether the sanctions and attorney’s fees can be sustained. The other issues raised by Cooper will be discussed as needed. In addition, this Court will address Gatwood’s assertion that all issues, other than sanctions, are mooted by the death of Gatwood.
STANDARDS OF REVIEW
¶ 9. It is well-settled that “[a] trial judge’s finding is entitled to the same deference as a jury and will not be reversed unless manifestly wrong.” Miss. Dep’t of Transp. v. Johnson, 873 So.2d 108, 111 (Miss.2004). “A decision of a circuit judge sitting without a jury falls under the manifest error standard of review.” Sweet Home Water and Sewer Ass’n v. Lexington Estates, Ltd., 613 So.2d 864, 871 (Miss.1993). If the imposition of sanctions raises a question of law, the standard of review is de novo. Amiker v. Drugs for Less, Inc., 796 So.2d 942, 945-46 (Miss.2001).
ANALYSIS
¶ 10. As stated above, the primary issue on appeal is whether the sanctions and attorneys’ fees can be sustained. Cooper seeks reversal for three separate reasons and presents arguments in favor of all three positions. Unfortunately, with regard to these claims, Cooper either has misconstrued the dispositive issue or has muddled the issue such that her arguments focus on matters of no relevance to the case at hand.
¶ 11. First, Cooper argues that Rule 11 sanctions and attorneys’ fees were imposed improperly because Parsons was acting within the proper purview of an attorney seeking a garnishment order on behalf of a deserving client. The logic of this argument seems to be that a writ of garnishment is a well-accepted remedy, and therefore, seeking such a writ on behalf of a party who has obtained a judgment is re *1036 spectable and certainly not a “frivolous” claim that will trigger Rule 11 sanctions.
¶ 12. Cooper’s argument, however, fails to address the fact that the writ of garnishment is appropriate relief only when there is an underlying judgment upon which the garnishment order is based. In this case, no such judgment existed. At the' time Cooper obtained the writ, Gatwood was current with his financial obligations, as per the terms of the chancellor’s order. To obtain the writ of garnishment, Cooper had to actively misrepresent the chancellor’s order. The trial court found that it was a misrepresentation for which the strongest sanctions were appropriate.
¶ 13. Cooper also claims that Gatwood’s joinder was improper for two reasons: (1) that Gatwood was untimely added and (2) that he lacked standing. ■ However, Cooper’s arguments fail. The Mississippi Rules of Civil Procedure allow for Gatwood to be given one day past the filing deadline, because the final day in that period fell on a Sunday. As to standing, the circuit court found that Gatwood was a necessary party in this instance, finding as follows:
A personal judgment against Gatwood existed in this court; Gatwood submitted himself to the jurisdiction of this court, and an unjustified garnishment action was brought in this court which imposed an additional and extraordinary burden upon Gatwood which was in direct conflict to what the chancery court judgment had previously imposed upon him.
We agree with the circuit court. Gatwood held a “sufficient interest” in the garnishment action, as required by Rule 19, because the entire basis for the garnishment rested upon Gatwood’s alleged obligation.
¶ 14. Cooper also challenges the chancellor’s authority to order Gatwood to make installment payments of overdue insurance premiums and medical expenses not covered by insurance. Cooper essentially asserts that these obligations constitute “regular child support” or its equivalent, and because regular child support vests when it is incurred, the chancellor lacked authority to allow Gatwood to pay them in monthly installments. Whether life insurance premiums and medical expenses are to be equated with “regular child support” for vesting purposes is not before this Court. Even if the chancellor was in error when he ordered the installment payments, the appropriate avenue for relief was to appeal that decision. Cooper, in essence, is arguing that, if the chancellor improperly ordered the installment payments, then the order can be ignored. Such logic is unprecedented in Mississippi as well as in other jurisdictions in the United States.
¶ 15. In its brief, the Gatwood estate argues that all issues, aside from the sanctions, are now moot because of Gatwood’s death during the pendency of this appeal. That argument fails for several reasons, most notably that the issue has not been addressed by a trial court. Even if this Court were to address the issue, it would fail, because Cooper had incurred significant medical costs, which, under both the 1996 divorce decree and the chancellor’s 2009 order, Gatwood was obligated to pay.
A. Whether the circuit court erred by awarding Rule 11 sanctions and awarding attorneys’ fees.
¶ 16. Cooper argues the circuit court’s assessment of Rule 11 sanctions and its findings that the Litigation and Accountability Act were violated cannot be sustained. She asserts that the suggestion for a writ of garnishment was not frivolously filed and contends that it was simply *1037 the good-faith effort of a “mother trying to collect back child support owed by a deadbeat dad.”
¶ 17. Rule 11 of Mississippi Civil Procedure provides that “[I]f any party files a motion or pleading which, in the opinion of the court, is frivolous ... the court may order such a party, or his attorney, or both, to pay to the opposing party or parties the reasonable expenses ... including reasonable attorneys’ fees.” M.R.C.P. 11. “The term ‘frivolous’ as used in the Litigation Accountability Act takes the same definition as it does under Rule 11: ‘a claim or defense made without hope of success.’ ” In re Spencer, 985 So.2d 330 (Miss.2008).
¶ 18. Parsons could not, in good faith, have believed that Cooper’s suggestion for writ of garnishment would succeed. Had Parsons disclosed the entirety of the chancellor’s 2009 order — which did not include an eight-percent interest rate, which did include the explicit order for payments to be paid in monthly installments, and which found that Gatwood was up-to-date on requisite regular child-support payments — the circuit court certainly would not have issued the writ of garnishment. Nobably, the judge who relied on Cooper’s representations and signed the writ of garnishment is the same judge who later issued the sanctions.
¶ 19. Moreover, regardless of the obvious frivolity of the motion for garnishment, Parsons undoubtedly knew that misrepresentations to the court were violations of the Litigation Accountability Act and Rule 11, as he had been sanctioned nine years ago under similar circumstances. In In re Estate of Ladner, 909 So.2d 1051 (Miss.2004), this Court upheld an award of attorneys’ fees and sanctions against Parsons on facts similar to the case at hand. In Ladner, Parsons represented Fred Lad-ner, who claimed his brother, Luther, had possession of cows which lawfully were his. Fred claimed these cows were an inheritance from their deceased brother, Garland. Parsons obtained an order from the chancery court to remove the livestock from Luther’s property; that order directed the sheriff to accompany Fred in the repossession. “Guns were brandished, and Luther was arrested. After the dust settled, the chancellor found that Garland had made inter vivos gifts” to Luther and that Fred and Parsons had violated Mississippi Rule of Civil Procedure 11 and the Litigation Accountability Act because they knew of the gift but failed to inform the court of it when they obtained the order for seizing the livestock. Id. at 1053.
¶ 20. In this case, the circuit court made a factual finding that Parsons intentionally had misrepresented the terms of the judgment to the court. The circuit judge made clear that if Parsons had disclosed all the material terms of the underlying judgment, Parsons would have had no chance of success. Considering these factors, along with the fact that Parsons has been sanctioned under similar circumstances, this Court cannot say that the circuit court erred in finding that Rule 11 sanctions and attorneys’ fees were proper.
B. Whether Gatwood was improperly added as a party to the garnishment proceeding between Cooper and Lamar Auto.
1. Whether Gatwood was untimely added.
¶ 21. Cooper argues Gatwood was improperly added, as he was joined more than ten days after the default judgment against Lamar Auto. The Mississippi Rules of Civil Procedure provide in relevant part that “a motion to alter or amend a judgment shall be filed no later than ten days after the entry of the judgment.” M.R.C.P. 59(e). Although Gatwood filed a *1038 motion to amend the judgment eleven days after Cooper obtained a settlement order, the final day in the applicable period fell on a Sunday. When seeking to amend a judgment, Rule 6 provides that the last day in the ten-day period shall be included “unless it is a Saturday, a Sunday, or a legal holiday.” M.R.C.P. 6(a). In this case, the final day in the ten-day period to amend (August 7, 2011) fell on a Sunday. Thus, Cooper’s contention that Gatwood was untimely added is without merit.
2. Whether Gatwood lacked standing to contest the garnishment proceeding between Cooper and Lamar Auto.
¶ 22. Cooper further argues Gat-wood was joined improperly under Rule 19 because he lacked standing to contest the agreed judgment between Cooper and Lamar Auto. Cooper contends that garnishment proceedings are exclusively between garnisher and garnishee and thus, that Gatwood was an unnecessary party. This contention fails because it attempts to equate the necessity of a party in an action with that party’s interest and ability to join. Although Gatwood was not an indispensable party, it does not follow that he lacked sufficient interest to contest the proceeding. Mississippi Rule of Civil Procedure 19 allows a court permissively to join any party who “claims an interest relating to the subject matter and is so situated that the disposition of the action in his absence may as a practical matter impair or impede his ability to protect that interest.” M.R.C.P. 19.
¶ 23. The Mississippi Rules of Civil Procedure apply to garnishment proceedings. In First Mississippi National Bank v. KLH Industries, Inc., 457 So.2d 1333, 1334 (Miss.1984), this Court held that “a garnishment proceeding is in the nature of a civil action and is certainly subject to the rule-making power of this Court and the Mississippi Rules of Civil Procedure the same as any other civil action.” Moreover, Mississippi Code Section 11-35-47 contemplates the presence of a debtor defendant in a garnishment proceeding as a permissive party, although the subject of that statute is irrelevant to the case at hand. Section 11-35-47 does not limit the circumstances in which a party may be joined to a garnishment proceeding but simply recognizes that a party may be joined. Miss.Code Ann. § 11-35-47 (Rev. 2002). The circuit judge therefore had the authority to add Gatwood to the garnishment proceeding between Cooper and Lamar Auto, provided that Gatwood claimed a sufficient interest.
¶ 24. Gatwood most certainly possessed a sufficient interest to be joined. His personal property was under Lamar Auto’s control, and he asserts that Cooper obtained title and possession to this property through fraudulent misrepresentation. The circuit court rightly concluded Gat-wood held a sufficient interest, and the court acted within its authority by allowing Gatwood to join.
C. Whether insurance premiums and uninsured medical expenses constitute “regular child-support payments” which vest when incurred.
¶ 25. The Lamar County Chancery Court explicitly stated the overdue insurance costs and unpaid medical expenses were “to be paid at the rate of $200.00 each month, beginning October 2009.” Cooper, however, contends these unpaid expenses constitute regular “child support” and thus vest in full when due. This assertion, according to Cooper, supports the proposition that the chancellor lacked authority to order the award be paid in monthly installments and, therefore, that the sanctions and attorneys’ fees were unwarranted. The contention fails *1039 for two reasons. First, Mississippi distinguishes between “regular child support,” which vests when due, and other types of support, which practically cannot vest when incurred. Second, even if the chancellor had no basis for the monthly installment order, Cooper should have appealed the chancellor’s order rather than misrepresenting the terms of the order to the Lamar County Circuit Court. This issue is without merit.
D. Whether the child support issues are moot because of Gatwood’s untimely death.
¶ 26. Gatwood’s estate argues that all issues, aside from the sanctions and attorneys’ fees, are now moot as a result of Gatwood’s death. Because the children have inherited the entirety of their father’s property, Gatwood’s estate argues, Cooper is no longer entitled to satisfaction from the 2009 chancery court order, as that award was given to her only in her capacity as a fiduciary for the children. Gatwood’s argument is that it would be illogical for the children to step into the shoes of their father and owe funds to their mother, who, as the custodial parent, had a duty to provide the same insurance and medical care for her children, if she were able. Gatwood’s estate points out that Cooper did not bring suit for these payments for more than nine years and therefore was able to provide those needs. Gatwood’s contention lacks merit, because the expenses already had accrued and were payable to the custodial parent, Cooper, not to the children. Further, because Gatwood died while this case was on appeal, the facts have not been examined by a trial court. This issue is not properly before this Court.
CONCLUSION
¶ 27. This Court cannot say that the trial court erred in this case. Grounds certainly supported the trial court’s finding that attorney’s fees and sanctions against Parsons and his client Cooper were appropriate. Further, Gatwood’s contention that all issues, other than sanctions, are moot is not properly before this Court. For these reasons, the judgment of the Lamar County Circuit Court is affirmed.
¶ 28. AFFIRMED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR.